David ZANMILLER on Behalf of himself and others similarly situated, Appellants,

v.

AETNA TECHNICAL SERVICES, INC., Respondent.

No. C1–85–1323.

Court of Appeals of Minnesota.

Dec. 31, 1985.

Peggy A. Brenden, Engebretson and Associates, P.A., St. Paul, for appellants.

Michael Forde, Gilmore, de Lambert, Aafedt & Forde, P.A., Minneapolis, for respondent.

Heard, considered and decided by HUSPENI, P.J., and FOLEY and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from an order for dismissal. David Zanmiller brought suit against Aetna Technical Services, Inc. (Aetna Technical), pursuant to Minn.Stat. § 176.82 (1984), for damages for obstructing him in seeking a statutory increase in his worker's compensation benefits. Aetna Technical moved for dismissal. On May 28, 1985, the trial judge ordered the action dismissed for lack of subject matter jurisdiction. We affirm.

## FACTS

David Zanmiller suffered a work-related injury on September 4, 1979, while he was an employee of the Montgomery Ward Company. Zanmiller has received weekly temporary total disability benefits since that time.

Montgomery Ward hired Aetna Technical to process its worker's compensation claims. All of appellant's inquiries about his worker's compensation claim were handled by representatives of Aetna Technical. Zanmiller's temporary total payments were made by Aetna Technical as payor.

At the time of appellant's injury, Minn. Stat. § 176.645 (1978) provided for a yearly adjustment in benefits for inflation. The statute provided that a worker receiving temporary total benefits who was injured after October 1, 1975, was entitled to a yearly adjustment in benefits on October 1st of each year. Thereafter § 176.645 was amended, effective July 1, 1981. 1981 Minn.Laws ch. 346 § 137. Pursuant to the amendment, the yearly increase would again be made on October 1, 1981, and henceforth begin on the anniversary date

of an employee's injury. Minn.Stat. § 176.-645, subd. 1 (1984).

Zanmiller believes he has been underpaid for 1982, 1983, and 1984. He views the amendment as requiring an increase in weekly benefits on September 4th of each year (the anniversary date of his injury), beginning in 1982, rather than on October 1st.

Zanmiller's attorney contacted Aetna Technical in September, 1983, regarding the payments. The claimed underpayment was not corrected and the dispute was not resolved at that point. Zanmiller then filed a claim with the Department of Labor and Industry in February of 1984, requesting the inflationary adjustment from September 4, 1983 to December 3, 1983. He filed the petition against Montgomery Ward, a self-insured employer, not against Aetna Technical.

Montgomery Ward answered the petition through Aetna Technical stating:

> It is the position of this Employer, self-insured, that with Employee's injury dates, all adjustments occur on October 1st of each year.

At a settlement conference in July of 1984, appellant's attorney was informed that it was respondent's company policy to initiate adjustments on October 1st of each year, despite the July 1, 1981 amendment.

Aetna Technical's argument for their position is that an employee's rights are governed by the law in effect on the date of the injury; therefore the amendment to Minn.Stat. § 176.645 could not be applied to Zanmiller's claim retroactively since his injury occurred before the amendment passed. Zanmiller argues that Aetna Technical's failure to pay the adjustments as they fall due is a violation of Minn.Stat. § 176.82. It provides:

> Any person discharging or threatening to discharge an employee for seeking worker's compensation benefits or in any manner intentionally obstructing an employee seeking worker's compensation benefits is liable in a civil action for damages incurred by the employee * * *.

*Id.* Zanmiller relies on the phrase "or in any manner intentionally obstructing an employee seeking worker's compensation benefits."

Appellant contested the issue against Montgomery Ward as a self-insurer before a worker's compensation judge. In its decision and order, filed May 16, 1985, the compensation judge ruled that the adjustments were due on the anniversary date of the injury. Benefits have been paid in accordance with the order. That decision has not been appealed.

Zanmiller also brought suit in district court in mid-October of 1984, after again failing to receive the increase on the September 4th anniversary date. He seeks class certification in order to represent the claims of sixty others who are similarly situated with respect to Aetna Technical. Appellant claims he lost roughly one hundred dollars a year for three years because of respondent's actions. He contends that Aetna Technical has similarly obstructed every eligible claimant for every employer it adjusts over the last three years.

The district court dismissed the action for lack of subject matter jurisdiction. In his memorandum the trial judge stated that while appellant's claim may arguably fall within the general language of the statute he relies upon, "the clear purpose of this provision is to provide a cause of action for an employee in the situation where an employer or insurance carrier uses threats or coercion to discourage or prevent an employee from pursuing a claim for workers' compensation." The court was concerned that Zanmiller's interpretation would create a possible flood of litigation into district court whenever an employer or insurance company disputed an employee's right to a benefit.

According to the trial court, another section, § 176.255, of the worker's compensation statutes provides an administrative remedy for the type of claim asserted by Zanmiller. *Id.* It provides in part:

> Upon reasonable notice and hearing or opportunity to be heard, the division, a compensation judge, or upon appeal, the

workers' compensation court of appeals or the supreme court may award compensation, in addition to the total amount of compensation award, of up to 25 percent of that total amount where an *employer or insurer* has:

(a) instituted a proceeding or interposed a defense which does not present a real controversy but which is frivolous or for the purpose of delay; or,

(b) unreasonably or vexatiously delayed payment; or,

(c) neglected or refused to pay compensation; or,

(d) intentionally underpaid compensation.

Minn.Stat. § 176.255, subd. 1 (1984) (emphasis supplied).

### ISSUE

Did the trial court err in its ruling that it lacked subject matter jurisdiction because respondent's interpretation of Minn.Stat. § 176.645 does not violate Minn.Stat. § 176.82?

### ANALYSIS

Appellant contends that respondent's knowing disregard of the provisions of Minn.Stat. § 176.645 as amended July 1, 1981, constitutes a violation of Minn.Stat. § 176.82 entitling him to pursue an action in district court. Respondent argues that an employer's interpretation of an amendment to a statute cannot be construed as an intentional obstruction of an employee seeking worker's compensation benefits. Respondent's interpretation of the statute is based on the contractual nature of the Worker's Compensation Act.

The language of the amendment under which appellant seeks damages is broad. Read literally, it appears to encompass Zanmiller's claim. It provides that *any* person who *in any way* intentionally obstructs an employee from seeking worker's compensa-

tion benefits may be liable in a civil action. *See* Minn.Stat. § 176.82. Additionally, we recognize that the Worker's Compensation Court of Appeals ruled in February of 1983 that the amendment to Minn.Stat. § 176.-645 concerning the anniversary date applied retroactively. *Mondt v. Water Products Company*, 36 W.C.D. 179 (1983).[1]

Regardless of the determination of that issue, though, Aetna Technical had a plausible interpretation of that amendment which does not amount to an intentional obstruction of Zanmiller's claim under Minn.Stat. § 176.82. We agree with the district court that to give Minn.Stat. § 176.-82 the application urged by appellant might be construed to provide a civil action in district court anytime an employee made a claim for worker's compensation which the employer or its insurance carrier, for whatever reason, contested.

Regarding the trial court's position that Zanmiller's sole recourse in this case is a claim for penalties under Minn.Stat. § 176.-225, appellant argues that as a claims processor, Aetna Technical is not covered by that section. By its terms, it applies only to employers or insurers. *See* Minn.Stat. § 176.225. Appellant argues in the alternative that even if section 176.225 is deemed applicable to Aetna Technical, its provisions are not mutually exclusive with section 176.82. He contends that both provisions are remedies simultaneously available to an aggrieved employee.

The issue whether section 176.225 applies need not be decided here. That section concerns administrative remedies within the workers' compensation scheme. Its interpretation should be left to the workers' compensation courts.

Finally, respondent argues that Zanmiller's suit is not a proper class action within Rule 23 of the Minnesota Rules of Civil Procedure. This question was not ruled on

---

1. We are aware of the recent Supreme Court opinion declaring that the application of Minn. Stat. § 176.645 to require adjustment of benefits due an employee who sustained disabling injuries before October 1, 1981, unconstitutionally impairs the employer's vested right to adjust

such benefits on October 1 of each year. *Broos v. Portec, Inc.*, 376 N.W.2d 688 (Minn. November 22, 1985). However, we are not deciding the merits of Zanmiller's claim. We deal here only with the jurisdictional question.

by the trial court and will not be considered on appeal.

## DECISION

The trial court properly dismissed the action for lack of subject matter jurisdiction.

Affirmed.