Darlene **FURRER**, Appellant,

v.

**CAMPBELL'S SOUP COMPANY**, Respondent.

No. C7–86–1854.

Court of Appeals of Minnesota.

April 7, 1987.

Review Denied May 28, 1987.

David R. Hols, Felhaber, Larson, Fenlon and Vogt, P.A., Minneapolis, for appellant.

Thomas E. Marshall, Mahoney, Dougherty and Mahoney, Minneapolis, for respondent.

Heard, considered, and decided by WOZNIAK, P.J., and LESLIE and RANDALL, JJ.

## OPINION

WOZNIAK, Judge.

Appellant Darlene Furrer brings this appeal based on the trial court's grant of summary judgment to respondent Campbell's Soup Company on her wrongful discharge claim. We affirm.

## FACTS

Furrer began employment with Campbell's Soup Company on September 14, 1982, finding the job on a blind call. Her first position was temporary. She applied can labels and began working each day at 11:00 a.m., concluding when work was finished in the afternoon. After four weeks' employment, she was offered a full-time position in eviscerating, cleaning chickens before cooking. She refused that position because the early morning hours made it impossible to care for her 12–year-old, legally blind and handicapped child. Later she was offered a permanent position bon-

ing chickens on the night shift and accepted that position. In this capacity, she was required to become a member of the union.

In May of 1983, Furrer noticed skin problems on her hands resulting from working with chickens. The company nurse advised her to use cream and wear gloves. She wore gloves temporarily and found that each time she worked without gloves the skin problems reappeared. After wearing gloves on and off for several months, her supervisor called her into his office and told Furrer she could no longer wear gloves on the line.

Furrer then visited her personal physician who wrote a note advising her to wear gloves while working. When she continued to do so, her supervisor again met with Furrer, this time with a union steward. The supervisor told her of a glove rule which forbade employees to wear gloves on the line. He stated she could work in eviscerating, where gloves were permitted, or terminate her employment. He told her to choose immediately. Furrer stated that she could not make this choice because the care necessary for her blind child precluded her from working the hours necessary in eviscerating. Her supervisor offered her no other employment and she was escorted out of the plant.

A company policy published in February 1980, before Furrer began employment with the company, provided that if new employees were required to wear gloves on a permanent basis they would be assigned to jobs where gloves were permitted. The "no glove" rule was instituted in the boning area to control bone count, vein count, bacteria, and yield. Employees who had been wearing gloves prior to the 1980 rule were allowed to continue, but through attrition only a few employees still wore gloves.

In addition to workers' compensation claims, Furrer brought an action for wrongful discharge alleging that Campbell's fired her in violation of Minn.Stat. § 176.82, which prohibited retaliatory discharge for filing of workers' compensation claims. She also alleged the implied covenant of fair dealing and an implied contract

created by the employees' manual precluded her discharge.

Regarding termination based on the claim for workers' compensation benefits, Campbell's argued that no genuine issue of fact existed. Regarding wrongful termination based on implied contract created by the employees' manual and an implied covenant of fair dealing, Campbell's argued the exclusive remedy was in federal court and that no covenant existed as a matter of law.

The trial court found that state courts had jurisdiction and that, under state law, Furrer failed to allege a prima facie case of wrongful termination under Minn.Stat. § 176.82, or breach of an implied contract, and granted Campbell's summary judgment against Furrer.

## ISSUES

1. Can this court review a jurisdiction issue when respondent failed to file a notice of review on the jurisdiction issue?

2. Did the trial court abuse its discretion in awarding summary judgment to defendant Campbell's Soup Company on the common law and statutory claims of wrongful termination?

## ANALYSIS

■ 1. Regarding the jurisdiction issue, Campbell's argued that Furrer's implied contract claims were subject to the terms and provisions of her collective bargaining agreement and, therefore, state courts were preempted from asserting jurisdiction. Campbell's failed to file a notice of review on this issue. This court will not consider the portions of a trial court judgment adversely affecting respondent when respondent failed to file a notice of review. Minn.R.Civ.App.P. 106; *see Pine River State Bank v. Mettille*, 333 N.W.2d 622, 632 (Minn.1983).

■ 2. The trial court did not abuse its discretion in finding Furrer failed to allege a prima facie case of wrongful discharge and in granting summary judgment to Campbell's. Regarding the allegation of statutory retaliatory discharge, the workers' compensation statute stated that "[a]ny person discharging or threatening to discharge an employee for seeking workers' compensation benefits or in any manner intentionally obstructing an employee seeking workers' compensation benefits is liable in a civil action for damages * * *." Minn.Stat. § 176.82 (1982).

Furrer argued that she was discharged in retaliation for seeking or intending to seek workers' compensation benefits. Specifically, she argued, based on her previous rejection of a job in eviscerating, that Campbell's knew she would not accept a position when offered the second time. No evidence suggests that Campbell's knew she would again refuse the job or knew that she would seek workers' compensation benefits if she continued to be employed with Campbell's. The record indicates that she never sought or discussed seeking workers' compensation benefits at any time during her employment, but rather filed her claim after her discharge.

■ In *Zanmiller v. Aetna Technical Services, Inc.*, 379 N.W.2d 612 (Minn.Ct. App.1985), the court stated that section 176.82 should not be construed to "provide a civil action * * * anytime an employee made a claim for workers' compensation which the employer or its insurance carrier, for whatever reason, contested." *Id.* at 614. Rather, the purpose of this provision was to provide a cause of action for an employee when an employer or insurance carrier used threats or coercion to discourage or prevent an employee from pursuing a claim for workers' compensation. The record does not show that Campbell's threatened or coerced Furrer to prevent her claim for workers' compensation. It did not know she intended to claim workers' compensation when, as noted, she filed the claim after her discharge. Absent more than her employer contesting her receipt of workers' compensation benefits, Furrer simply failed to allege a prima facie case of statutory wrongful discharge.

■ Furrer also alleged that Campbell's breached an implied covenant of good faith by her termination. In Minnesota, no equitable action for breach of the implied covenant of good faith and fair dealing in employment contracts exists. *See Hunt v. IBM Mid America Employees Federal*

*Credit Union*, 384 N.W.2d 853, 858 (Minn. 1986).

Furrer also claimed that the employment contract requiring termination only for "just cause" precluded her termination. The same contract, however, precluded working in the boning area with gloves. If Furrer maintains the employment manual is an implied contract, then the terms preclude her working in that department with gloves and justify Campbell's' request that she work in another department. When she refused to work in another department, Campbell's had just cause to dismiss her. Absent some showing of a violation of the implied contract, the trial court did not abuse its discretion in finding that Furrer failed to allege a prima facie case of wrongful discharge.

## DECISION

The trial court is affirmed.