**VAUBEL FARMS, INC., claimant, Respondent,**

v.

**SHELBY FARMERS MUTUAL, Respondent Below,**

**North Star Mutual Insurance Company, Appellant.**

**No. A03–1607.**

Court of Appeals of Minnesota.

May 18, 2004.

---

Steven J. Vatndal, Gislason & Hunter, LLP, Mankato, MN, for respondent.

Marcus J. Christianson, Kristine Hinds MacLean, Maschka, Riedy & Ries, Mankato, MN, for appellant.

Considered and decided by MINGE, Presiding Judge; TOUSSAINT, Chief Judge; and KALITOWSKI, Judge.

## OPINION

TOUSSAINT, Chief Judge.

On appeal from an order confirming an arbitration award, appellant North Star Mutual Insurance Company argues that respondent Vaubel Farms's request for appointment of an appraiser was untimely because it occurred nearly three years after the loss, and the terms of the policy explicitly required any "suit" to be commenced within two years. Because we conclude the language of the contract reflects an arbitration clause and because arbitration is not barred by the two-year contractual limitation period for "suits," we affirm.

## FACTS

Respondent Vaubel Farms entered into a combination insurance package policy with Shelby Farmers Mutual Fire Insurance Company and appellant North Star Mutual Insurance Company in 1997. North Star was Vaubel's insurer for windstorm damage, and drafted the windstorm insurance agreement between the two parties. At issue are two clauses in the policy conditions, one preventing Vaubel from commencing any "suit to recover for any property claim" after two years, the other labeled "arbitration," which reads as follows:

16. Arbitration. If [Vaubel] or [North Star] fail to agree on the actual cash value of an item or amount of loss on written demand by either party, the insured and the company shall each, within twenty (20) days of the demand, select a competent and disinterested appraiser and notify the other party of the appraiser's identity. If either party fails to select an appraiser within the time provided, the presiding judge of the district court in the county in which the loss occurred shall appoint an appraiser to represent that party. The appointment shall be made upon application to the court by the party not failing to make the required selection and upon five (5) days written notice to the other party. The appraisers appointed pursuant to this section shall make a good faith effort to select a competent and disinterested umpire. If the appraisers fail to agree upon an umpire within fifteen (15) days of their appointment, the presiding judge of the district court ... shall appoint an umpire upon application by either party and five (5) days written notice to the other party. The appraisers shall appraise the loss, stating separately actual value and loss to each item. If the appraisers fail to agree, they shall submit their differences to the umpire whose decision shall control to the extent of the differences between the appraisers. An award in writing, approved by the appraisers or by an appraiser and the umpire ... shall be conclusive evidence of the actual value and loss to an item.

On May 15, 1998, while this policy was in effect, Vaubel sustained wind damage to a hog-finishing barn. Vaubel subsequently notified North Star of the damage, and North Star agents then preliminarily investigated the matter. North Star did not take further action on the claim, however, because Vaubel failed to respond to re-

quests for invoices, bills, and statements relating to the damage.

On April 10, 2001, nearly three years after the damage occurred, Vaubel sent North Star a letter detailing the damage and assessing total losses of $62,839.71. North Star declined to honor the claim, citing the two-year limit to all "suits," and noted that it "would appear to be beyond the limit of time within which [the claim] may be appropriately pursued."

Vaubel then demanded arbitration and, after North Star failed to cooperate, moved the district court to compel arbitration, claiming that North Star refused to appoint an arbitrator/appraiser pursuant to the aforementioned "arbitration" clause. North Star moved for summary judgment, again claiming the "suit" was barred by the policy's two-year limitation period. It also argued that the policy did not provide for arbitration, even though it contained a clause labeled as such, and instead merely provided an appraisal clause that could not be pursued after the two-year limitation.

After a hearing, the district court determined that all ambiguities should be construed against North Star, the drafter of the agreement, that the policy contained an arbitration clause, and that arbitration did not fall within the contractual time limitation on "suits." It therefore denied North Star's summary judgment motion, and thereafter appointed an appraiser/arbitrator.

The parties proceeded to arbitration in March 2003, and Vaubel received an award of $127,885.63, plus interest. The district court subsequently confirmed the award in August 2003. North Star now appeals.

## ISSUES

I.  Did the district court err in holding that the policy contained an arbitration clause?

II. Did the district court err in determining that arbitration was not time-barred by the two-year contractual limitation for "suits"?

## ANALYSIS

Construction of an insurance policy involves a question of law that this court reviews de novo. *Iowa Kemper Ins. Co. v. Stone*, 269 N.W.2d 885, 886–87 (Minn.1978). If there is no dispute of material fact, this court independently reviews the district court's interpretation of the insurance contract. *Nat'l City Bank v. St. Paul Fire & Marine Ins. Co.*, 447 N.W.2d 171, 175 (Minn.1989).

### I.

North Star first argues that the policy does not provide for arbitration, even though a clause is captioned "arbitration," because "the only thing that this clause provides is for appraisal when the parties disagree on the value of the loss." It argues that the clause is merely a "condition precedent and a provision that must be met before suit to recover any property claim may be brought against North Star."

Minnesota law provides that in order to effectuate the parties' intent, "[t]he policy must be read as a whole, and unambiguous language must be accorded its plain and ordinary meaning." *SCSC Corp. v. Allied Mut. Ins. Co.*, 536 N.W.2d 305, 311 (Minn.1995). Here, North Star urges us to examine the entire agreement to determine the meaning of the arbitration clause even though the district court was never provided with a full copy of the agreement. Because we may only consider the papers filed in the trial court, the exhibits, and the transcript of the proceedings, we must limit our review to the two paragraphs of the agreement that were actually presented to the district court. *See* Minn. R Civ.App. P. 110.01; *Thiele v.*

*Stich,* 425 N.W.2d 580, 582–83 (Minn.1988) (an appellate court may not base its decision on matters outside the record on appeal, and may not consider matters not produced and received in evidence at the trial court).

The clause labeled "arbitration" describes the process by which the parties may select appraisers, who in turn select an umpire. The appraisers then conduct an independent assessment of the loss, and if the parties cannot agree to a loss value, the umpire makes the ultimate value determination. This determination, according to the contract, is "an award."

North Star argues that the clause "is essentially a formula for appraising a loss rather than arbitration as set forth in Chapter 572 of the Minnesota Statutes." But this interpretation renders meaningless the express use of the terms "arbitration" and "award." It also seems contrary to the broad language of the Uniform Arbitration Act, which provides that "[a] provision in a written contract to submit to arbitration *any* controversy thereafter arising between the parties is valid, enforceable, and irrevocable...." Minn.Stat. § 572.08 (2002) (emphasis added). At best, the arbitration language creates ambiguity, and any ambiguity should be construed against North Star as the drafter of the agreement. *Turner v. Alpha Phi Sorority House,* 276 N.W.2d 63, 66 (Minn. 1979).

■ The terms of an insurance policy should be construed according to what a reasonable person in the position of the insured would have understood the words to mean rather than what the insurer intended the language to mean. *Canadian Universal Ins. Co., v. Fire Watch, Inc.,* 258 N.W.2d 570, 572 (Minn.1977). A reasonable person in the position of the insured would read a clause labeled "arbitration," which ultimately granted "an

award," as an arbitration clause. The district court's determination will therefore not be disturbed.

## II.

■ We next address North Star's reliance on the contractual two-year period of limitations for Vaubel to file "suit." North Star argues that, even if arbitration could be compelled after the two-year period, Vaubel could not sue to enforce the award due to the contractual language preventing suits after two years.

■ In essence, North Star argues that any arbitration award granted after the two-year period of limitations has run is essentially a hollow victory. But statute and precedent indicate otherwise: a statutory arbitration is summarily reviewable and enforceable under statute, rather than by suit on the award. Minn.Stat. § 572.08 (2002); *Park Constr. Co. v. Indep. Sch. Dist. No. 32,* 209 Minn. 182, 183, 296 N.W. 475, 476 (1941). Any arbitration award confirmed by the district court is "enforced as any other judgment or decree." Minn. Stat. § 572.21 (2002). Vaubel therefore need not bring a separate action to enforce the arbitration on the award, because the parties are bound by the judgment entered. *See Ehlert v. W. Nat'l Mut. Ins. Co.,* 296 Minn. 195, 199, 207 N.W.2d 334, 336 (1973).

■ Though no Minnesota court has expressly defined "suit," we hereby adopt the following definition: "[a]ny proceeding by a party or parties against another *in a court of law.*" Black's Law Dictionary 1448 (7th ed.1999) (emphasis added); *see also Harter Corp. v. Home Indem. Co.,* 713 F.Supp. 231, 233 n. 3 (W.D.Mich.1989) ("the word suit cannot be defined without reference to a proceeding in a court of justice"); *Fireman's Fund Ins. Co. v. Super. Ct,* 65 Cal.App.4th 1205,

78 Cal.Rptr.2d 418, 426 (1997) ("the word 'suit' refers to a proceeding in a court of law"); *Lapham–Hickey Steel Corp. v. Prot. Mut. Ins. Co.,* 166 Ill.2d 520, 211 Ill.Dec. 459, 655 N.E.2d 842, 847 (1995) ("The primary attribute of a suit is that the parties to the action are involved in actual court proceedings.") This definition is consistent with our prior, broader definition of "action." *See, e.g., Spira v. Am. Standard Ins. Co.,* 361 N.W.2d 454, 457 (Minn.App.1985) ("action" is "confined to judicial proceedings"), *review denied* (Minn. Mar. 29, 1985). Arbitration, on the other hand, is an adjudicative process carried out *outside* the established tribunals of justice. *Park Constr. Co. v. Indep. Sch. Dist. No. 32,* 216 Minn. 27, 33–35, 11 N.W.2d 649, 652–53 (1943). We therefore conclude that "suit" refers specifically to established and traditional judicial proceedings, while "arbitration" involves the resolution of disputes by non-traditional means. Because "suit" does not include "arbitration," North Star cannot claim that the two-year limit for suits bars arbitration.

Because enforcement of the arbitration award is not subject to the two-year period of limitations in the contract, Vaubel's arbitration demand is subject solely to the general six-year statute of limitations prescribed in Minn.Stat. § 541.05, subd. 1(1) (2002). *Har–Mar, Inc. v. Thorsen & Thorshov, Inc.,* 300 Minn. 149, 155, 218 N.W.2d 751, 755 (1974). And, since this limitation period did not begin to run until Vaubel demanded arbitration, the district court correctly determined that this demand was timely and proper.

## DECISION

Because a clause labeled "arbitration" and providing for an "award" should reasonably be interpreted as an arbitration clause under these circumstances; and because arbitration proceedings are not "suits" because they are not proceedings in a court of law, the district court properly determined that the two-year contractual limitation for "suits" is inapplicable to this arbitration proceeding. We therefore affirm the district court's certification of the arbitration award and denial of summary judgment.

**Affirmed.**