CITY OF DULUTH, Respondent,

v.

DULUTH POLICE LOCAL, Respondent,

and

The Duluth News Tribune, a Division of Northwest Publications, Inc., a Delaware corporation, Appellant.

No. A04–1372.

Court of Appeals of Minnesota.

Dec. 28, 2004.

Bryan F. Brown, Duluth City Attorney, M. Alison Lutterman, Deputy City Attorney, Duluth, MN, for respondent City of Duluth.

Thomas F. Andrew, Aaron R. Bransky, Brown, Andrew Signorelli, P.A., Duluth, MN, for respondent Duluth Police Local.

Joseph J. Roby, Jr., Johnson, Killen Seiler, P.A., Duluth, MN, for appellant.

Considered and decided by
TOUSSAINT, Chief Judge, Presiding;
SHUMAKER, Judge; and HALBROOKS, Judge.

## OPINION

GORDON W. SHUMAKER, Judge.

Appellant newspaper challenges the partial final judgment granting a protective order for an arbitrator's award sustaining a grievance by a discharged police officer and reinstating him to his position, contending that the information is public data under Minn.Stat. § 13.43, subd. 2(a)(5) (2000), because the arbitrator's award is a final disposition under Minn.Stat. § 13.43, subd. 2(b) (2002). We reverse.

## FACTS

On February 24, 2003, the city of Duluth suspended one of its police officers with pay pending investigation into his alleged criminal conduct. The city discharged the officer on June 9, 2003, and, on the same day, respondent Duluth Police Union filed a grievance. An arbitrator heard the matter, sustained the grievance, and reinstated the officer to his position on November 20, 2003.

The Duluth News Tribune sought a copy of the arbitration award from the city. After obtaining an advisory opinion from the Commissioner of Administration that the award was private data in that no disciplinary proceeding occurred because the arbitration award did not result in a sanction to the officer, the city declined to make the award accessible to the public.

The city filed a petition in district court to vacate the award under Minn.Stat. § 572.19 (2002) and moved for a protective order. Appellant News Tribune intervened and moved for an order to compel the city to allow it to inspect and copy the award. The district court granted a protective order, denied the News Tribune's motion, and entered partial final judgment pursuant to Minn. R. Civ. P. 54.02. This appeal followed.

## ISSUES

I. Can respondents challenge an adverse decision by the district court without filing a notice of review?

II. Did the district court err in ruling that the arbitrator's award was private data because it was not a "final disposition" under Minn.Stat. § 13.43, subd. 2(b) (2002)?

## ANALYSIS

■ Construction of the Minnesota Government Data Practices Act is a question of law reviewed de novo. *Navarre v. S. Washington County Sch.*, 652 N.W.2d 9, 22 (Minn.2002).

### I.

The data practices act regulates access to government data, which is defined as "all data collected, created, received, maintained or disseminated" by a political subdivision. Minn.Stat. §§ 13.01, subd. 3, 13.02, subd. 7 (2002). It applies to all political subdivisions, including statutory or home-rule charter cities. Minn.Stat. §§ 13.01, subd. 1, 13.02, subd. 11 (2002). It is undisputed that the city is a political subdivision governed by the data practices act.

Generally, there is "a presumption that government data are public and accessible by the public for both inspection and copying," unless explicitly classified otherwise. Minn.Stat. § 13.01, subd. 3; *Annandale Advocate v. City of Annandale*, 435 N.W.2d 24, 27 (Minn.1989). Personnel data, however, are private unless they fit within a category of information specifically identified as public. Minn.Stat. § 13.43, subds. 2, 4 (2002); *Annandale Advocate*, 435 N.W.2d at 27. We therefore turn to the section in the data practices act addressing personnel data.

Personnel data are "data on individuals collected because the individual is or was an employee of" a political subdivision. Minn.Stat. § 13.43, subd. 1 (Supp.2003). Here, it is undisputed that the arbitration award is personnel data; at issue is whether the arbitration award falls within the category of personnel data deemed public. The data practices act provides that public data includes "the final disposition of any disciplinary action together with specific reasons for the action and data document-ing the basis of the action...." Minn.Stat. § 13.43, subd. 2(a)(5).

■ The first issue under this subdivision is whether a disciplinary action occurred. The Commissioner of Administration gave the opinion that no disciplinary action occurred because the officer was reinstated. The district court ruled that the term disciplinary action "refers to the entire process that begins with a complaint against an employee, and not merely the sanction which may result from such a complaint." It concluded that where a complaint was made against the officer, culminating in arbitration and subsequent reinstatement, a "disciplinary action" occurred, regardless of the fact that at that stage, no sanction was in effect.

Appellant contended that the district court properly ruled that a disciplinary action occurred. Respondent City of Duluth and respondent Duluth Police Local both argued that the district court erred and that no disciplinary action occurred because the officer was reinstated and, ultimately, no sanction resulted. Neither respondent, however, filed a notice of review.

■ A respondent may obtain review of a judgment or order that may adversely affect it by filing a notice of review. Minn. R. Civ.App. P. 106. Even if the district court decision is ultimately in favor of respondent, the respondent must file a notice of review to challenge that portion of the decision decided adversely against the respondent. *Arndt v. Am. Family Ins. Co.*, 394 N.W.2d 791, 793 (Minn.1986); *Kolby v. Northwest Produce Co.*, 505 N.W.2d 648, 653 (Minn.App.1993). Because the policy behind rule 106 is "to avoid piecemeal decisions and allow an appellate court to resolve all issues in one proceeding," the supreme court has deemed this "the exact situation Rule 106 is intended to cover." *Arndt*, 394 N.W.2d at 793. Consequently,

"[t]his court will not consider a challenge to issues decided adversely to a respondent when the respondent has not filed a notice of review." *Kolby,* 505 N.W.2d at 653. The district courts decision that a disciplinary action occurred will adversely affect respondents once a final disposition has occurred pursuant to Minn.Stat. § 13.43, subd. 2(b) (2002), because that is when the data are deemed to be public.[1] Accordingly, respondent's failure to file a notice of review precludes their challenge to the district court's adverse determination that a disciplinary action occurred. Because respondents did not file a notice to obtain review of the portion of the decision that was decided adversely to them, namely, that a disciplinary action occurred, they may not obtain review of the decision on appeal.

## II.

The primary issue before this court, then, is whether the district court erred in ruling that, because the arbitration award was not a "final disposition," the information contained in it was not yet public data.

The purpose of interpretation and construction of a statute "is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2002). To do so, the court will consider the plain meaning of the statute. *Navarre,* 652 N.W.2d at 29; Minn.Stat. § 645.08 (2002). The statute provides three definitions of "final disposition" covering three situations, only one of which applies here:

> For purposes of this subdivision, a final disposition occurs when the state agency, statewide system, or political subdivision makes its final decision about the disciplinary action, regardless of the possibility of any later proceed-

ings or court proceedings. *In the case of arbitration proceedings arising under collective bargaining agreements, a final disposition occurs at the conclusion of the arbitration proceedings* or upon the failure of the employee to elect arbitration within the time provided by the collective bargaining agreement. Final disposition includes a resignation by an individual when the resignation occurs after the final decision of the state agency, statewide system, political subdivision, or arbitrator.

Minn.Stat. § 13.43, subd. 2(b) (2002) (emphasis added).

In addressing whether the arbitration award was a final disposition, the district court first cited the supreme court's statement that a final disposition is the "last and final determination of the matter." *Annandale Advocate,* 435 N.W.2d at 28. Because the arbitrators award and the district court's decision could be appealed, the district court ruled that the arbitration award was not a final disposition. But at the time that *Annandale Advocate* addressed the issue, the data practices act did not yet include the definition of final disposition; the provisions defining final disposition were enacted in 1990, the year after *Annandale Advocate* was decided. 435 N.W.2d at 24; 1990 Minn. Laws ch. 550, 1. Consequently, we must look at the language of the statutory provision defining final disposition for guidance.

The first and third definitions in Minn. Stat. § 13.43, subd. 2(b), were apparently enacted in response to the supreme court's ruling in *Annandale Advocate,* 435 N.W.2d at 28–29, as to the meaning of final disposition in those specific circumstances. While the parties use the language in those defi-

---

1. This court addresses the issue of whether a final disposition occurred in issue two of this opinion.

nitions in support of their arguments as to the meaning of the definition at issue here, we do not find those arguments conclusive.

■ Instead, we consider the plain meaning of the statute. Appellant argues that under the plain meaning of the statute, the "conclusion of the arbitration proceedings" constitutes the final disposition, regardless of who won or lost and whether judicial review is available. Minn.Stat. § 13.43, subd. 2(b). It cites a recent case of this court which, in the context of determining the applicability of a statute of limitations, distinguished judicial proceedings from arbitration proceedings, concluding that "suit" "refers specifically to established and traditional judicial proceedings, while arbitration involves the resolution of disputes by non-traditional means." *Vaubel Farms, Inc. v. Shelby Farmers Mut.*, 679 N.W.2d 407, 412 (Minn.App.2004) (holding that "because suit does not include arbitration North Star cannot claim that a two-year limit for suits bars arbitration"); *see also U.S. Fid. Guar. Co. v. Fruchtman*, 263 N.W.2d 66, 71 (Minn. 1978) (referring to "judicial proceedings to stay or compel arbitration"). Appellant also argues that the entire disciplinary process is a matter of legitimate public interest squarely within the ambit of the data practices act. *See Demers v. City of Minneapolis*, 468 N.W.2d 71, 74 (Minn. 1991) (holding "[t]here is a compelling need for public accountability, particularly with law enforcement agencies").

Respondent City of Duluth, however, argues that an arbitration proceeding is not final until the parties have exhausted all procedural remedies under the statute. It notes that the parties to the arbitration proceeding may petition the district court to vacate the award under Minn.Stat. § 572.19 (2002).[2] Although Minn.Stat. § 13.43, subd. 2(b), does not define "conclusion of the arbitration proceedings," respondent argues that the legislature must have been aware that the entire arbitration process includes appellate remedies available to the parties. It contends that if the legislature had intended to exclude judicial review of the arbitrators award from the meaning of final disposition, it could have said so explicitly. Further, the city argues that this reading is consistent with the legislatures intent to maintain the confidentiality of personnel data until the dispute is finally concluded, to protect the privacy interests of the employee. *Annandale Advocate*, 435 N.W.2d at 29.

Respondent Duluth Police Local argues that, in any event, the final disposition consists of the facts that the grievance was sustained and that no discipline was imposed because the complaint was not found credible; it should not include the substance of the arbitration award.

In the end, we must rely on the plain language of the statute, which provides that "a final disposition occurs at the conclusion of the arbitration proceedings." Judicial review is not an arbitration proceeding. *See Vaubel Farms*, 679 N.W.2d at 412. While, as the statutory definition shows, "final disposition" can mean many things, we must conclude from the clear language of the statute that, under these circumstances, the arbitration award is the final disposition. Consequently, under Minn.Stat. § 13.43, subd. 2(a)(5), the personnel data are public and the protective

---

**2.** Here, the city petitioned the district court to vacate the arbitrators award and the district court denied the petition. The city appealed, and this court dismissed the appeal as taken from a nonappealable order, but noted that a proper appeal could be taken from an order or judgment confirming the award. *City of Duluth v. Duluth Police Local*, No. A04–1443 (Minn.App. Sept. 14, 2004) (order).

order that kept the data private is reversed.

## DECISION

The decision of the district court holding that the personnel data are not yet public because there has been no final disposition of the arbitration award and granting a protective order is reversed.

**Reversed.**