# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1217

_____

Robert Tupper,       *
            *
      Appellant,   *
            * Appeal from the United States
  v.          * District Court for the District
            * of Minesota.
Boise Cascade Corporation,  *
            *
      Appellee.   *

_____

Submitted: November 15, 2004
Filed: January 7, 2005

_____

Before WOLLMAN, HEANEY, and FAGG, Circuit Judges.

_____

FAGG, Circuit Judge.

Robert Tupper worked for the Boise Cascade Corporation in a Minnesota paper mill. During his employment, Tupper received several warnings about his chronic absenteeism. In May 2001, Boise required Tupper to sign a last chance agreement, which provided Tupper could not miss any part of a scheduled workday for the next six months. Tupper understood that failure to comply with the agreement could result in his immediate termination. In a Sunday in October 2001, Tupper broke a tooth while eating a sandwich during his morning shift. Tupper spoke with his supervisor and insisted that he needed medical attention. The supervisor expressed concern about the consequences of Tupper's departure under the agreement, and being

uncertain of its duration, allowed Tupper to go home to check the agreement. Tupper departed and did not return that day. Tupper's dentist's office was closed, and he did not seek immediate medical care. Instead, Tupper went to his dentist the following day over his lunch hour.

After the incident, Tupper did not seek workers' compensation benefits or suggest to Boise he would do so. Tupper's health insurance carrier paid his medical bill. Two days after Tupper broke his tooth, Boise terminated his employment for leaving work during his shift in violation of the agreement. After his union declined to file a grievance, Tupper filed this diversity action for retaliatory discharge, alleging Boise wrongfully terminated him in violation of Minn. Stat. § 176.82, which states any person who discharges an employee for seeking workers' compensation benefits is liable in a civil action for the employee's damages. Applying Minnesota law, the district court[*] granted summary judgment to Boise, holding Tupper could not establish a prima facie case of retaliatory discharge because he had not shown he engaged in conduct protected by § 176.82. The district court noted Tupper admitted he did not seek workers' compensation benefits or suggest to anyone at Boise that he would do so.

Tupper appeals asserting he was protected by § 176.82. Having reviewed the grant of summary judgment de novo, we conclude there was no genuine issue of material fact and Boise is entitled to judgment as a matter of law. We are satisfied that the district court properly analyzed Minnesota law, and affirm on the basis of the district court's memorandum opinion and order. See 8th Cir. R. 47B.

---

[*]The Honorable Richard D. Kyle, United States District Judge for the District of Minnesota.

HEANEY, Circuit Judge, dissenting.

I respectfully dissent. The district court based its grant of summary judgment to the defendant on Tupper's failure to file a claim seeking workers' compensation benefits. This is not fully consistent with Minnesota law.

The Minnesota Supreme Court has not directly addressed whether a claim or retaliatory discharge under Minn. Stat. § 176.82 requires an employee to file a workers' compensation claim. In Flaherty v. Lindsay, 467 N.W.2d 30 (Minn. 1991), the Minnesota Supreme Court stated that two types of conduct were prohibited by the statute: "retaliatory discharges (or threatened discharges) and obstructions of workers' compensation benefits." Id. at 32. The court held that obstruction involved "some actual denial or disruption in the receipt of benefits" but did not indicate whether this applied to retaliatory discharge cases. Id.

The Minnesota Court of Appeals have issued inconsistent opinions on this issue. Compare Randall v. Northern Milk Prod., Inc., 519 N.W.2d 456, 460 (Minn Ct. App. 1994) (upholding a finding of retaliatory discharge where employee intended to file a workers' compensation claim, but did not actually file the claim until two months after his discharge), with Furrer v. Campbell's Soup Co., 403 N.W.2d 658, 660 (Minn. Ct. App. 1987) (affirming summary judgment where employee only filed claim after her discharge). The more recent case, Randall, shows that a retaliatory discharge claim does not necessarily fail if the employee has not filed a claim at the time of his discharge. In that case, the employee reported a back injury to his employer, but initially stated that he was unsure whether the injury occurred at work. Randall, 519 N.W.2d at 458. After further questioning, he stated that he was injured at work, and was immediately fired. Id. The court held that this conversation provided a sufficient basis for a fact-finder to infer that the employee was terminated because he intended to file a workers' compensation claim. Id. at 460.

The relevant question in this case is not whether Tupper actually filed a workers' compensation claim, but whether he has presented a prima facie case that he was discharged because of his perceived intent to seek workers' compensation benefits. Tupper has shown that he was injured while at work, that his employer was aware of his injury, and that his termination occurred shortly after he reported his injury. While Tupper did not specifically raise the issue of workers' compensation and did not seek benefits after his termination, this does not foreclose his claim as a matter of law. Breitenfeldt v. Long Beach Packing Co., 48 F. Supp. 2d 1170, 1180 (D.Minn. 1999) (holding that an employee's failure to seek benefits "go[es] to the weight of the evidence" and did not preclude his claim).

I would reverse the district court and remand this case for trial.

_____