Kevin BRUEGGER and Natalie Bruegger, parents and natural guardians of Jordan Bruegger, Petitioners, Appellants,

v.

FARIBAULT COUNTY SHERIFF'S DEPARTMENT, Respondent.

No. C1–91–2237.

Supreme Court of Minnesota.

March 26, 1993.

Michael C. Krikava, Briggs & Morgan, Minneapolis, and Kevin O'C. Green, Mankato, for petitioners, appellants.

Robert G. Haugen, Barret W.S. Lane, Johnson & Lindberg, P.A., Minneapolis, for respondent.

PAGE, Justice.

This case arises out of decisions by both the trial court and the Minnesota Court of Appeals that the Crime Victims Reparations Act (CVRA), Minn.Stat. § 611A.66 (1992), does not create a private cause of action against law enforcement agencies which fail to inform crime victims of their rights to seek reparations. We affirm.

Four-year-old Jordan Bruegger was sexually assaulted by his cousin over a ten-month period, ending on June 16, 1988. His cousin told Jordan that he would be killed if he told anyone about the abuse, but Jordan told his mother about the abuse on June 17, 1988. His mother scheduled an appointment with a therapist, Dr. Reitman, for June 20, 1988, but before Jordan could

meet with the therapist, Jordan was involved in a near-fatal car accident. As a result of this accident, Jordan underwent multiple surgeries and spent two weeks in the hospital, where he began meeting with different counselors. Jordan believed that the accident occurred because he had reported the abuse.

Faribault County authorities were notified of the abuse on June 20, immediately after the first counselor met with Jordan. After Jordan's discharge from the hospital, an employee of the Faribault County Sheriff's Department interviewed Jordan about the sexual assaults. At no time during this interview or at anytime thereafter did anyone from the Sheriff's Department inform the Brueggers of the CVRA, a mechanism for victims of crime to receive compensation for economic losses resulting from their injuries.

To recover under the CVRA, a claim must be filed within one year of the victim's injury or death, unless: (1) the claimant is unable to file a claim within that period, whereupon the claimant is allowed one year to file a claim after becoming able to file; or (2) the injury or death is not reasonably discoverable, whereupon the claimant is allowed one year to file after the injury or death becomes reasonably discoverable. Minn.Stat. § 611A.53, subd. 2(e) (1992). A claimant is not considered unable to file a claim, however, if such inability is based on (1) a lack of knowledge about the CVRA; (2) the failure of a law enforcement agency to provide information about the CVRA; (3) the incompetency of the claimant if the claimant's affairs are managed by a guardian, guardian ad litem, authorized agent, or parent; or (4) the fact that the claimant is not of the age of majority. *Id.*

Jordan's family did not learn of the CVRA until more than one year after the

last sexual assault occurred. Their claim under the CVRA was therefore denied because it was filed after the one year deadline. This lawsuit alleging negligence on the part of the Faribault County Sheriff's Department followed.

The Brueggers argue that Minn.Stat. § 611A.66 placed an affirmative duty on the sheriff's department to inform them of the CVRA [1] and that the department's failure to inform the family was a breach of this duty. The trial court granted summary judgment for the sheriff's department, ruling that the statute was merely directory and did not expressly create a new cause of action. This judgment was affirmed by the Minnesota Court of Appeals. *Bruegger v. Faribault County Sheriff's Department*, 486 N.W.2d 463, 465 (Minn.App.1992).

The Brueggers now appeal to this court, asking that the summary judgment be overturned. The issue on appeal is whether the CVRA provides for a cause of action in negligence against law enforcement agencies who fail to inform crime victims of their rights under the CVRA.

Appellants argue that "[a]n unexcused violation of a statute that establishes a standard of care is negligence, and liability is the consequence if proximate causation is proved," citing *Lorshbough v. Township of Buzzle*, 258 N.W.2d 96, 98 (Minn.1977).[2]

In *Lorshbough*, Beltrami County, while required by statute to enforce state pollution control regulations regarding solid waste disposal, knowingly failed to comply with the regulations and failed to abate a known fire hazard. As a result, the disposal site caught fire and caused a forest fire which destroyed real and personal property of the neighboring plaintiffs. *Id.* at 97. The plaintiffs sued the county, arguing that the county failed to uphold its statuto-

1. The statute in relevant part reads:

All law enforcement agencies investigating crimes *shall* provide forms to each person who may be eligible to file a claim pursuant to sections 611A.51 to 611A.67 and to inform them of their rights hereunder.
Minn.Stat. § 611A.66 (emphasis added).

2. Appellants also argue that a factor in determining whether the statute supplies a standard of care is an analysis of whether the plaintiffs are members of a class of persons intended to be protected by the statute. *Restatement (Second) of Torts* § 286 (1965); cited in *Lorshbough*, 258 N.W.2d at 98. Because of our disposition of appellant's first argument, we decline to reach the issues raised by this second argument.

ry duty to maintain the disposal site in a safe condition. This court ruled that a statute could establish a standard of care, breach of which could give rise to liability in tort. *Id.* at 102. Appellants argue that our holding in *Lorshbough* is controlling in this case. We disagree, because we read *Lorshbough* as stating that where an underlying common law cause of action exists, a statutory enactment could establish a standard of care in a negligence action.

In *Lorshbough,* absent the statute, Beltrami County would still have been subject to suit in common law negligence because of its failure to properly maintain the dump, thereby allowing the forest fire to develop. Instead of creating a new cause of action for improper maintenance of public property causing damage to neighboring plaintiffs, the statute merely established the standard of care to be applied for public bodies charged with the duty of maintaining township dumps.

In this case, no common law duty required the sheriff's department to inform the Brueggers of their potential rights of recovery under the CVRA. The requirement to inform did not arise until the enactment of the CVRA. We note that the CVRA does not provide for civil liability for a law enforcement agency's failure to inform citizens of their potential rights to recover under the act. In the absence of such civil liability, we decline to speculate as to whether the legislature intended to impose civil liability in tort under the CVRA. Principles of judicial restraint preclude us from creating a new statutory cause of action that does not exist at common law where the legislature has not either by the statute's express terms or by implication provided for civil tort liability. *See generally Agassiz & Odessa Mut. Fire Ins. Co. v. Magnusson,* 272 Minn. 156, 166, 136 N.W.2d 861, 868 (1965) (stating that "statutes are presumed not to alter or modify the common law unless they expressly so provide"). *See also Restatement (Second) of Torts* § 285 cmt. b (1985).

**3.** The Faribault County Sheriff's Department argues that if a cause of action does exist, then it is statutorily immune from suit. Because we

Here, there was no underlying common law cause of action for negligence on the part of law enforcement agencies that fail to inform crime victims of their potential rights of recovery under the CVRA. Nor does the CVRA, by its express terms or by implication, create a statutory cause of action for such failure to inform. Because there was no common law cause of action and because the legislature failed to expressly or impliedly create a statutory cause of action, we hold that no cause of action against the Faribault County Sheriff's Department exists under Minn.Stat. § 611A.66.[3]

Affirmed.

determine that no cause of action exists, we need not rule on this contention.