Thomas Joseph IACONA, Respondent,

v.

Donald Bruce SCHRUPP,
et al., Appellants.

No. C2-93-1215.

Court of Appeals of Minnesota.

Dec. 7, 1993.

William E. Jepsen, Karon, Jepsen & Daly, P.A., St. Paul, for respondent.

Robert J. McGuire, Barbara A. Burke, Cousineau, McGuire & Anderson, Chartered, Minneapolis, for appellants.

Considered and decided by RANDALL, P.J., and DAVIES and FLEMING,* JJ.

## OPINION

DAVIES, Judge.

In a negligence action, the trial court granted respondent's motion to amend his complaint to allege a private cause of action under Minn.Stat. §§ 221.605 and 221.271. The court determined that those statutory sections together impose absolute liability on an interstate motor carrier for violation of a federal motor carrier safety regulation. The court then certified two questions to this court:

1. Do Minn.Stat. §§ 221.605, subd. 1, and 221.271 and 169.025 create a private right of action where a violation of the Federal Act 49 C.F.R. § 392.20 occurs?

2. If so, does the doctrine of strict liability apply precluding a determination of causal negligence or comparative fault as to the original accident where Plaintiff claims damages flowing from the violation by an interstate trucker of the Federal Act by leaving the scene of the original accident?

We answer the certified questions in the negative.

## FACTS

David Helmen and Thomas Iacona, who both had been drinking heavily, were involved in a single-car accident. After the accident, Helmen flagged down David Schrupp, an employee of Service Oil of Prinsberg, Inc., for help. Schrupp stopped his tanker a few blocks beyond the accident scene, then backed up on the shoulder of the road to reach the two men.

As Schrupp backed up, his tanker hit Helmen, then, when Iacona told Schrupp what had happened, Schrupp panicked and left the scene. By leaving the scene, Schrupp violated 49 C.F.R. § 392.40.

Iacona brought this action against Schrupp and his employer, alleging that Schrupp caused him severe emotional distress when he ran over Helmen and then left the scene. On the day of trial, the court granted Iacona's motion to amend the complaint to allege a private cause of action under Minn.Stat. §§ 221.605 and 221.271, and 49 C.F.R. § 392.40. Under Iacona's interpretation, application of these provisions in combination renders Schrupp absolutely liable for leaving the scene of the accident, thereby making comparative fault inapplicable and making inadmissible evidence of his and Helmen's alcohol concentration at the time of the accident.

Schrupp moved for dismissal of the alleged statutory cause of action, contending that it

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

pointment pursuant to Minn. Const. art. VI, § 10.

failed to state a claim upon which relief could be granted. The trial court denied this motion to dismiss, but found that "there may be doubt as to the Court's interpretation of the plaintiff's statutory cause of action." The court then certified the two questions to this court.

## ISSUES

I. Do Minn.Stat. §§ 221.605 and 221.271 together create a private cause of action for a violation of a federal motor carrier regulation?

II. If so, is absolute liability imposed on the violator, precluding application of comparative fault principles?

## ANALYSIS

### I.

 Minn.Stat. § 221.605 (1992) requires that interstate motor carriers comply with federal motor carrier safety regulations. Under Minn.Stat. § 221.271 (1992),

[a]ny person which shall do or cause to be done any unlawful act as herein provided, or fail to perform any duty prescribed, or violate any duly established order, rule or directive of the commissioner or board, or which shall aid or abet in the performance of any unlawful act or in the failure to perform any such duty, *shall be liable in damages* to any person injured thereby, and such person, if the person recovers, shall be allowed, in addition to damages, reasonable attorneys' fees, together with costs and disbursements.

(Emphasis added.) Iacona contends that, combined with section 221.605, the language "shall be liable in damages" in section 221.271 creates a private cause of action in favor of a person injured by an interstate motor carrier who violates 49 C.F.R. § 392.40 by leaving the scene of an accident.[1]

 A statute cannot create a private cause of action that the legislature has not clearly expressed or implied. *Bruegger v. Faribault County Sheriff's Dep't*, 497 N.W.2d 260, 262 (Minn.1993). Iacona contends that the language of section 221.271, creating a private cause of action, applies to all of chapter 221, including provisions later enacted, so that a violation of any section of the chapter would lead to a private cause of action.

The legislature enacted section 221.271 in 1957. 1957 Minn.Laws Ex.Sess. ch. 17, § 27. But section 221.605 was not enacted until 31 years later. 1988 Minn.Laws ch. 544, § 25. The 1988 act appears to be in the nature of a department bill, including a mix of routine substantive provisions and housekeeping amendments to transportation law. Thus, the legislature more than likely did not contemplate the possibility that its 1988 enactment would have the significant private law consequence urged here, that is, creating private causes of action for violations of the new provisions. We decline to so hold. "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (1992). Further, the title of the 1988 act gave no hint of such a consequence.

Finally, section 221.605 is set forth in a part of chapter 221 that addresses only interstate operations, creating further separation from section 221.271.

We conclude that the legislature did not intend to create a private cause of action for a violation of section 221.605, and thus answer the first certified question in the negative.

### II.

 Even if sections 221.605 and 221.271 in combination created a cause of action for violation of a federal regulation, absolute liability would not be imposed.[2]

---

1. The trial court also referenced section 169.025 in the certified question. Section 169.025 provides that if there is a conflict between a federal motor carrier safety regulation and a state statute, the stricter federal rule prevails. Because there is no conflict between state and federal provisions in this case, section 169.025 is inapplicable.

2. Although the trial court phrased the certified question in terms of strict liability, it is clear from the record and the parties' submissions that we are concerned here with absolute liability. While strict liability, generally does not preclude application of comparative fault principles, absolute liability does. *Seim v. Garavalia*, 306 N.W.2d 806, 811–12 (Minn.1981).

■ Absolute liability has been recognized in two circumstances. First, with respect to negligence per se, absolute liability is created by statutes designed to protect certain classes of persons unable to protect themselves. *Seim v. Garavalia,* 306 N.W.2d 806, 810 (Minn.1981); *Dart v. Pure Oil Co.,* 223 Minn. 526, 535, 27 N.W.2d 555, 560 (Minn. 1947). Such statutes include child labor statutes, statutes for the protection of intoxicated persons, and statutes prohibiting sale of dangerous articles to minors. *Zerby v. Warren,* 297 Minn. 134, 210 N.W.2d 58, 62 (1973).

Second, absolute liability is created when the language of a statute demonstrates the legislature's intent to place the entire responsibility for injury on the person violating the statute. *Seim,* 306 N.W.2d at 812.

Iacona does not contend that sections 221.-605 and 221.271 were enacted to protect a particular class of vulnerable persons. And, unlike the dog bite statute at issue in *Seim,* there is no language in either section 221.605 or section 221.271 that places the entire burden of damages on a person violating the statute. Even if the language "shall be liable in damages" in section 221.271 placed some liability on a violator of section 221.605, that liability would be only strict liability, and comparative fault principles would still apply. *Seim,* 306 N.W.2d at 811.

## DECISION

We answer question 1: In enacting Minn. Stat. § 221.605, the legislature did not intend it to relate back to section 221.271 so as to create a private cause of action for violation of a federal motor carrier safety standard.

We answer question 2: Even if sections 221.605 and 221.271 created a private cause of action, absolute liability would not be imposed, and comparative fault principles would apply.

**Certified questions answered in the negative.**