Greg HAAGE, d/b/a and on behalf of "Up Front," Appellant,

v.

Ken STEIES, d/b/a K.J.'s and Bo Bogotty and Bo's Productions, Inc., Respondents.

No. C3–96–749.

Court of Appeals of Minnesota.

Oct. 15, 1996.

Richard I. Diamond, Diamond, Liszt & Grady, P.A., Minneapolis, for Appellant.

Joseph J. Dudley, Jr., Brent G. Eilefson, Dudley and Smith, P.A., St. Paul, for Respondents.

Considered and decided by KALITOWSKI, P.J., and LANSING and WILLIS, JJ.

## OPINION

LANSING, Judge.

The district court denied Greg Haage standing to sue for return of commissions under Minn.Stat. §§ 184A.01–.20 (1992). Haage appeals, asserting that chapter 184A provides a musician a private right of action against an unlicensed entertainment agent. Because the statutes neither explicitly nor impliedly create a private right of action for failure to obtain a license, we affirm the dismissal for lack of standing.

## FACTS

Greg Haage is a band leader and professional musician. Haage sued his entertainment agent, Bo Bogotty, and a club owner for breach of contract, overpayment of commissions, and breach of fiduciary duty. Haage settled his claims against the club owner. He then obtained the district court's approval to amend his complaint to assert an additional cause of action against Bogotty for violation of Minn.Stat. §§ 184A.01–.20, Minnesota's entertainment agency licensing statutes. Haage sought the return of all commissions he paid to Bogotty during their professional relationship, claiming Bogotty was not entitled to those commissions because he violated the statutes by failing to obtain a license.

Ruling on a pretrial motion, the district court dismissed Haage's claim under chapter 184A, concluding that Haage lacked standing to sue because the statutes neither expressly nor impliedly create a private right of action. Haage and Bogotty resolved Haage's common law claims, and Haage appeals solely on the issue of his standing to sue under chapter 184A.

## ISSUE

Do Minn.Stat. §§ 184A.01–.20 (1992) create a private right of action for a musician to recover commissions paid to an unlicensed entertainment agent?

## ANALYSIS

Minnesota Statutes sections 184A.01–.20 (1992) provide that individuals and business entities acting as entertainment agencies must obtain a license from the Minnesota Department of Labor and Industry. Violation of these sections is a misdemeanor and can result in a monetary penalty, imprisonment up to 60 days, or both. Minn. Stat. § 184A.20. Chapter 184A expressly grants enforcement powers to the Department of Labor and Industry. Minn.Stat. § 184A.16. Relying on these statutes, Haage sued Bogotty for the return of more than $80,000 in commissions he paid to Bogotty while Bogotty was an unlicensed agent. Haage's allegation that he is entitled to a refund of all commissions is based solely on Bogotty's failure to obtain the required license.

A right of action that does not exist at common law cannot be created from regulatory statutes that do not expressly or impliedly identify a statutory right of action. *Hoppe by Dykema v. Kandiyohi County*, 543 N.W.2d 635, 638 (Minn.1996) (citing *Larson v. Dunn*, 460 N.W.2d 39, 47 n. 4 (Minn.1990)). Unless a statute manifests a legislative intent to modify, statutes are presumed not to alter the common law. *Agassiz & Odessa Mut. Fire Ins. v. Magnusson*, 272 Minn. 156, 166, 136 N.W.2d 861, 868 (1965). Principles of judicial restraint weigh against recognizing statutory rights of action that are not clearly expressed or implied by the legislation. *Bruegger v. Faribault County Sheriff's Dep't*, 497 N.W.2d 260, 262 (Minn.1993).

Haage concedes that chapter 184A does not explicitly provide a private right of action to recover fees from an unlicensed entertainment agent and that his right of action must arise by implication. Minnesota courts are reluctant to imply a private right of action. *See Hoppe*, 543 N.W.2d at 638 (no private right of action under the Vulnerable Adults Reporting Act); *Semrad v. Edina Realty*, 493 N.W.2d 528, 532 (Minn.1992) (no private right of action under the Real Estate Brokers Act because enforcement provisions indicated a legislative intent to preclude private right of action); *Larsen v. Wright County Human Serv. Agency–Day Care Div.*, 526 N.W.2d 59, 61–62 (Minn.App.1995) (no private right of action for state's failure to inspect day-care provider's insurance records because no express mention or clear implication of such a right in the licensing statute), *review denied* (Minn. Mar. 14, 1995); *Counties of Blue Earth v. Department of Labor & Ind.*, 489 N.W.2d 265, 268 (Minn.App.1992) (no private right of action under the Prevailing Wage Statute because no indication that the legislature so intended).

In support of his argument to imply a private right of action, Haage points out that he belongs to the class for whose benefit chapter 184A was enacted, a civil remedy is consistent with the underlying purpose of the enactment, and the statutes establish a standard of care that could apply to a civil action. *See Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975) (describing factors to consider when implying a private right of action).

To show that the legislature intended to protect musicians from unlicensed agents and to prove that a civil remedy is consistent with the statutes, Haage provided the district court with a 1995 affidavit of the co-author and sponsor of the entertainment agency licensing bill. The affidavit stated that the co-author introduced the bill in 1983 because he had discovered evidence that unscrupulous agents were taking advantage of young musicians by charging unearned or unconscionable commissions, and he believed that it was "within the contemplation of the statute" to permit musicians to sue for the return of commissions based on a violation of chapter 184A.

■ The intention of the legislature can be ascertained by considering, among other things, the *contemporaneous* legislative history of statutes. Minn.Stat. § 645.16 (1994). Contemporaneous legislative history may include events leading up to the introduction of the act, the history of the act's passage, and any modifications made during the course of the bill's passage. *Laue v. Production Credit Ass'n*, 390 N.W.2d 823, 828 (Minn.App. 1986) (citing *Sevcik v. Commissioner of Taxation*, 257 Minn. 92, 103, 100 N.W.2d 678, 687 (1959)) (no deference to statements of legislative intent made subsequent to the passage of an act, even when the declarant was a legislator when the bill was in the process of passage); *see also Investment Co. Inst. v. Hatch*, 477 N.W.2d 747, 751–52 (Minn.App. 1991) (affidavit created seventeen years after a bill's passage and in anticipation of litigation does not reflect the intent of the legislature). The affidavit in this case is not contemporaneous legislative history within the meaning of Minn.Stat. § 645.16, and we agree with the district court's ruling that it cannot be used to infer the intent of the 1984 Minnesota Legislature. The legislative history prepared by the House Research Department, which Haage also presented to the district court, would provide evidence of legislative intent, but is silent on the issue of a private right of action.

■ Even if we accepted that a civil remedy is consistent with chapter 184A's purpose and that Haage is among the group intended to be protected, Haage must still demonstrate a legislative indication of an intent to create a private right of action. *See Flour Exch. Bldg. v. State*, 524 N.W.2d 496, 499 (Minn.App.1994) (there must be some indication, in legislative history or elsewhere, that a private right of action should be available), *review denied* (Minn. Feb. 14, 1995). Haage points to two sections of chapter 184A as demonstrating the legislature's intent. The first requires an entertainment agency to repay an artist any fee obtained for employment when no employment is obtained or the artist is unpaid. Minn.Stat. § 184A.18, subd. 3. The second section, Minn.Stat. § 184A.18, subd. 4, specifically allows an action on a

licensee's bond. Neither of these sections pertains to the right to recover fees paid to an unlicensed agent. Both refer to contract actions that are generally available under the common law. These provisions are not indicative of a legislative intent to allow a civil action for forfeiture of commissions. To the contrary they may demonstrate that the legislature identified and listed the available civil litigation. *Jeffers v. Convoy Co.*, 636 F.Supp. 1337, 1341 (D.Minn.1986) (finding that no civil right of action was impliedly created by a statute that provided a misdemeanor penalty for its violation). We discern no standard for other actions and even so, creating a standard will not, in itself, imply a right of action. A common law right of action must already exist. *Bruegger*, 497 N.W.2d at 262; *see also Lorshbough v. Township of Buzzle*, 258 N.W.2d 96, 98, 102 (Minn.1977) (inspection statute did not create a new right of action, but described standard of care for common law negligence claim). In this case there is no already-existing, common law right of action against entertainment agents for failure to obtain a license.

At oral argument Haage pointed to evidence that during the effective period only eight licenses have been issued and that currently there are no active entertainment agency licenses in Minnesota. Haage argues that recognizing a civil right of action for forfeiture of fees by unlicensed agents will assure the enforcement of chapter 184A. Although we agree that this interpretation might increase compliance, it is not one of the factors traditionally relied on in determining whether statutes create a private right of action, and failure to enforce may be addressed by legislative or administrative remedies.

## DECISION

Minn.Stat. §§ 184A.01–.20 (1992) do not provide a private right of action, and a musician lacked standing under chapter 184A to sue his unlicensed entertainment agent for the return of commissions.

**Affirmed.**