**Mark and Lori SUMMERS, individually, and as parents and natural guardians of their minor children, Melissa, Matt, Andy and Chris Summers, Appellants,**

v.

**R & D AGENCY, INC., Crawford & Co., Respondents,**

**Cargill, Inc., Defendant.**

No. C1–98–1645.

Court of Appeals of Minnesota.

March 30, 1999.

David B. Lundgren–Parks, Murrin Law Firm, St. Paul, for appellants.

Richard P. Mahoney, Victor E. Lund, Mahoney, Dougherty and Mahoney, P.A., Minneapolis, for respondent R & D Agency.

James P. Ashley, Chadwick and Associates, P.A., Chanhassen, for respondent Crawford & Co.

Mark A. Fonken, Jardine, Logan & O'Brien, St. Paul, for defendant.

Helen C. Giuliani, II, St. Paul, for amicus curiae Minnesota Association of Private Investigators.

John R. Baumgarth, Hanft, Fride, O'Brien, Harries, Swelbar & Burns, P.A., Duluth, for amicus curiae Minnesota Self–Insurers Association.

Considered and decided by KALITOWSKI, Presiding Judge, SHORT, Judge, and KLAPHAKE, Judge.

## OPINION

KALITOWSKI, Judge.

Appellants, Mark and Lori Summers and their four minor children, contend the district court erred by: (1) dismissing their claim under Minn.Stat. § 176.82 (1998) that respondents obstructed Mark Summers' receipt of workers' compensation benefits; (2) dismissing appellants' harassment claim based on respondents' alleged violation of Minn.Stat. § 609.749 (1998); and (3) dismissing appellants' claim against respondents for invasion of privacy.

## FACTS

Appellant Mark Summers was an employee of Cargill, Inc., which is not a party to this appeal. On August 26, 1996, Summers was injured while in the course of his employment and soon thereafter began receiving workers' compensation payments. In 1997, respondent Crawford & Co. (Crawford), the insurance company that handled Summers' workers' compensation claim, hired respondent R & D Agency (R & D), a licensed private investigation firm, to conduct surveillance on Mark Summers in preparation for proceedings regarding the claim. Appellants allege that employees of R & D engaged in unlawful conduct including: (1) making harassing phone calls; (2) following family members and causing them apprehension, resentment, and fear; and (3) trespassing. Mark Summers further alleges that Crawford obstructed his receipt of workers' compensation benefits by discontinuing his bene-

fits because he allegedly was not cooperating with his rehabilitation plan.

Appellants brought five counts against R & D, Crawford, and Cargill, two of which are at issue·in this appeal. In count I, appellants alleged that respondents obstructed Mark Summers' receipt of workers' compensation benefits in violation of Minn.Stat. § 176.82, subd. 1. In count III, appellants alleged that the manner of surveillance amounted to harassment, prohibited by Minnesota law. The district court dismissed count I, finding that a nonemployer cannot be held liable under Minn.Stat. § 176.82, subd. 1. The court dismissed the harassment allegations in count III, finding that there is no private cause of action under Minn.Stat. § 609.749. The district court also denied appellants' motion to reinstate count III concluding that the supreme court's recognition of invasion of privacy torts in *Lake v. Wal–Mart Stores, Inc.*, 582 N.W.2d 231 (Minn.1998), does not apply retroactively.

## ISSUES

1. Can a nonemployer be held liable for obstructing an employee's receipt of workers' compensation benefits under Minn.Stat. § 176.82?

2. Is there a private cause of action for harassment under Minn.Stat. § 609.749?

3. Does the decision in *Lake v. Wal–Mart Stores, Inc.*, recognizing invasion of privacy torts, apply retroactively?

## ANALYSIS

Because the district court considered affidavits in this case, we conclude it dismissed appellants' claims by summary judgment. *See* Minn. R. Civ. P. 56.05 (noting summary judgment is entered based on supporting and opposing affidavits). On appeal from summary judgment, this court reviews whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990).

## I.

The construction of a statute is a question of law and thus fully reviewable by

an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985). As such, we review this matter de novo. *David–Thomas Cos. v. Voss,* 517 N.W.2d 341, 342 (Minn.App. 1994).

■ Minnesota law allows civil damages for obstructing an employee from seeking workers' compensation benefits. Minn.Stat. § 176.82. The law provides:

Any person discharging or threatening to discharge an employee for seeking workers' compensation benefits or in any manner intentionally obstructing an employee seeking workers' compensation benefits is liable in a civil action for damages incurred by the employee including any diminution in workers' compensation benefits * * *.

*Id.* at subd. 1. In construing a statute, words should be given their ordinary meaning unless the legislature has specifically provided otherwise or unless inconsistent with manifest legislative intent. Minn.Stat. § 645.08 (1998); *Reserve Mining Co. v. Cooke,* 372 N.W.2d 796, 798 (Minn.App.1985), *review denied* (Minn. Oct. 18, 1985). Corporations are included in the definition of persons. Minn. Stat. § 645.44, subd. 7 (1998); *Dayton Hudson Corp. v. Johnson,* 528 N.W.2d 260, 262 (Minn.App.1995).

■ Appellants argue the legislature's use of the broad term "any person" in section 176.82 allows an action against respondents. We agree. The plain language of the statute does not support the district court's determination that liability under this section is limited to employers. Additional support for our conclusion is that the legislature used the terms "employers" or "insurers" rather than "any person" in other sections of the workers' compensation act when intending to limit the applicability of the section. *See generally,* Minn.Stat. ch. 176 (1998).

■ Finally, in commenting on the statute at issue, the supreme court indicated a cause of action under section 176.82 lies

where a person, *such as an insurer,* obstructs or hinders, whether by deliberate action or inaction, the receipt of benefits due the injured worker and does so in a

manner that is outrageous and extreme, or * * * egregiously cruel or venal.

*Bergeson v. United States Fidelity and Guar. Co.,* 414 N.W.2d 724, 727 (Minn.1987) (emphasis added). Thus, the supreme court recognized that insurance companies, and perhaps others, may be held liable under Minn.Stat. § 176.82. We conclude from the plain language of the statute and caselaw that any person, including nonemployers, may be liable under Minn.Stat. § 176.82.

■ Although the district court erred in its construction of Minn.Stat. § 176.82, we affirm the district court's dismissal of appellants' claim under this statute on other grounds. *See Winkler v. Magnuson,* 539 N.W.2d 821, 828 (Minn.App.1995) (summary judgment should be affirmed if it can be sustained on any ground), *review denied* (Minn. Feb. 13, 1996).

■ Appellant Mark Summers' only viable claim under Minn.Stat. § 176.82 is for intentional obstruction of his efforts to seek workers' compensation benefits, which requires an actual obstruction of benefits. *See Flaherty v. Lindsay,* 467 N.W.2d 30, 32 (Minn.1991) (recognizing "some actual denial or disruption in the receipt of benefits must occur to warrant recovery" under Minn.Stat. § 176.82). It is undisputed that Summers received all workers' compensation benefits to which he was entitled. Although, by affidavit of counsel, Summers claims his benefits were wrongfully discontinued, the record reflects Summers had returned to work and was not prejudiced by the alleged discontinuance.

Because appellants failed to offer any evidence that Crawford or R & D actually impeded or frustrated Summers' receipt of benefits, we affirm the district court's dismissal of Summers' claim under Minn.Stat. § 176.82. *See Bergeson,* 414 N.W.2d at 727 (interpreting Minn.Stat. § 176.82 only to cover those situations where person's delay or denial of benefits goes beyond unreasonableness, neglect, or obstinance). Moreover, to permit a cause of action under that statute on these facts would circumvent the exclusive remedy provision of the workers' compensation statute. *See* Minn.Stat. § 176.031 (1998)

(stating employer's liability under workers' compensation statute is exclusive); *Flaherty,* 467 N.W.2d at 33 (requiring narrow construction of term "obstruction" under Minn.Stat. § 176.82 in deference to mandate of exclusivity under workers' compensation statute); *Zanmiller v. Aetna Technical Servs., Inc.,* 379 N.W.2d 612, 614 (Minn.App.1985) (noting broad construction of Minn.Stat. § 176.82 would lead to civil action anytime employer or insurer contested workers' compensation claim).

## II.

 A criminal statute does not give rise to a civil cause of action unless the statute expressly or by clear implication so provides. *Larson v. Dunn,* 460 N.W.2d 39, 47 n. 4 (Minn.1990). Also, unless a statute manifests a legislative intent to modify the common law, it presumably will not alter the common law. *Haage v. Steies,* 555 N.W.2d 7, 8 (Minn.App.1996). "Principles of judicial restraint weigh against recognizing statutory rights of action that are not clearly expressed or implied by the legislation." *Id.* (citing *Bruegger v. Faribault County Sheriff's Dep't,* 497 N.W.2d 260, 262 (Minn.1993)). Minnesota courts are reluctant to imply a private right of action. *Id.* at 9 (citing *Hoppe by Dykema v. Kandiyohi County,* 543 N.W.2d 635, 638 (Minn.1996)).

 Minn.Stat. § 609.749, subd. 2, is a criminal statute that states, "A person who harasses another by committing any of the following acts is guilty of a gross misdemeanor * * *." The statute neither states explicitly nor implies the creation of a private cause of action.

Appellants argue there is a private cause of action under the statute, citing cases where a defendant may be liable for negligence as a result of not performing a duty imposed by a criminal statute. *See Osborne v. McMasters,* 40 Minn. 103, 104, 41 N.W. 543 (1889) (holding where person neglects to perform statutory duty, he is liable for negligence); *see also Hage v. Stade,* 304 N.W.2d 283, 290 n. 3 (Minn.1981) (Scott, J. dissenting) (noting existence of two-pronged statutory duty test). Appellants' argument is misplaced. These cases do not alter the general

rule that criminal statutes do not give rise to a civil cause of action absent some manifestation of legislative intent to do so. Because the legislature neither expressly nor implicitly provided for a civil cause of action or civil remedies in Minn.Stat. § 609.749, we conclude the district court correctly dismissed appellants' claim.

## III.

 Whether a judicial decision will apply retroactively is a purely legal issue. *In re Application of Minnegasco,* 566 N.W.2d 727, 730 (Minn.App.1997). Appellants contend the district court erred in determining that *Lake,* which recognized invasion of privacy torts in Minnesota, should not be given retroactive effect. Both parties agree that under the general rule, absent special circumstances or a pronouncement by the court that a decision is to be applied only prospectively, a decision will be given retroactive effect. *Hoff v. Kempton,* 317 N.W.2d 361, 363 (Minn.1982).

 The United States Supreme Court articulated a three-part test for determining when the general rule favoring retroactivity does not apply. *Id.*(citing *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971)). Only if each of the three factors weigh in favor of limiting the decision to prospective application will it be applied prospectively. First, the decision must establish a new principle of law, either by overruling clear past precedent, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, the court must weigh the merits by looking at the prior history of the rule, its purpose and effect, and determine whether retroactive operation will further or retard its operation. Third, the court must weigh the equities imposed by retroactive application, and avoid "injustice or hardship" with a holding of nonretroactivity. *Id.* (quoting *Chevron Oil,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296).

Application of the *Chevron Oil* factors favors retroactive application of the holding in *Lake.* Although the first factor weighs in favor of nonretroactivity because the recogni-

tion of the invasion of privacy torts was an issue of first impression, factors two and three weigh in favor of retroactivity. *Id.*(holding that although the first factor was satisfied, the law applied retroactively); *Minnegasco,* 566 N.W.2d at 731 (noting that even if the first prong of the test is satisfied, the second and third prongs were not, and therefore holding in favor of retroactive application).

With regard to the second factor, which addresses the purpose and effect of the new rule, the supreme court in *Lake* stated:

> The right to privacy is an integral part of our humanity; one has a public persona, exposed and active, and a private persona, guarded and preserved. The heart of our liberty is choosing which parts of our lives shall become public and which parts we shall hold close.

582 N.W.2d at 235. We conclude that applying *Lake* retroactively and thereby providing a remedy to persons whose privacy rights have been violated most certainly furthers, rather than retards, the advancement of the rule announced in *Lake.* Likewise, under the third factor, persons whose privacy rights have been violated would suffer an injustice if *Lake* is not applied retroactively. Respondents argue that retroactive application is also inequitable because persons may be liable for damages arising out of conduct that was permissible at the time. This argument, however, can be made whenever a decision is retroactively applied, and was apparently rejected by the supreme court when the court applied the new privacy tort to the defendant in *Lake.*

While our analysis of the *Chevron Oil* factors supports retroactive application, a subsequent case provides additional, more compelling support for our conclusion. The United States Supreme Court further refined and limited the *Chevron Oil* factors in *James B. Beam Distilling Co. v. Georgia,* 501 U.S. 529, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991). In *Beam,* the court analyzed questions of retroactivity and prospectivity as choice of law issues, rather than remedial issues. *Id.* at 535, 111 S.Ct. at 2443. The *Beam* court noted that a court may choose to apply a new rule of law in one of three ways. First, a

court may choose to apply the new rule fully retroactively, applying it "both to the parties before the court and to all others by and against whom claims may be pressed, consistent with res judicata and procedural barriers * * *." *Id.* This option is "in keeping with the traditional function of the courts to decide cases before them based upon their best current understanding of the law." *Id.* Second, a court may apply a rule purely prospectively, whereby the new rule is applied neither to the parties in the lawsuit before the court nor to others whose conduct or events in question occurred before the decision. *Id.* at 536, 111 S.Ct. at 2443. Third, the court may choose a modified prospectivity approach, applying the new rule in the case in which it is pronounced, and then returning to the old rule of law for cases that follow which arise out of facts predating the pronouncement. *Id.* at 537, 111 S.Ct. at 2444.

The third approach, followed by the district court here, was limited by the *Beam* court's holding that it is error to refuse to apply a rule of federal law retroactively after the case announcing the rule has already done so. *Id.* at 540, 111 S.Ct. at 2446. The court noted that principles of equality and stare decisis prevail over any claim based on a *Chevron Oil* analysis, and therefore "when the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata." *Id.* at 544, 111 S.Ct. at 2448.

The *Beam* holding has been applied in Minnesota. In *Cambridge State Bank v. Roemer,* 457 N.W.2d 716, 722 (Minn.1990), the Minnesota Supreme Court denied a tax refund to a bank because a case that declared a nearly identical tax unconstitutional only applied prospectively under the *Chevron Oil* test. The United States Supreme Court granted certiorari, and vacated and remanded the case to the Minnesota court to decide in light of *Beam. Norwest Bank Duluth, N.A. v. James,* 501 U.S. 1246, 111 S.Ct. 2881, 115 L.Ed.2d 1047 (1991). On remand, the Minnesota court noted that under *Beam,* if an opinion does not reserve the question of whether the holding should be applied to the

parties before it, the decision is understood to follow the "normal rule of retroactive application in civil cases." *Cambridge State Bank v. James,* 480 N.W.2d 647, 650 (Minn. 1992) (quoting *Beam,* 501 U.S. at 539, 111 S.Ct. at 2445). The court then reversed its finding on retroactivity, concluding that since the decision in the previous case did not reserve the question of whether its holding should be applied to the parties before it, its holding applied both to those parties and retroactively. *Id.*

The same reasoning applies here. Minnesota recognized three invasion of privacy torts in *Lake,* decided in July 1998. 582 N.W.2d at 235. Appellants contend the district court should have reinstated count III of their complaint, which alleged the privacy tort of intrusion upon seclusion, even though the conduct at issue occurred before *Lake* was decided. We agree. The same rationale the courts in *Cambridge State Bank v. James* and *Beam* applied to advances in federal or constitutional law applies to advances in the common law. Similarly situated litigants should be treated the same. *Beam,* 501 U.S. at 540, 111 S.Ct. at 2446. In *Lake,* the court recognized a right to privacy in the common law of Minnesota, and remanded to the district court for further proceedings. *Lake,* 582 N.W.2d at 236. Thus the court applied the new tort retroactively to the litigants in *Lake.* Under *Beam,* to apply the newly recognized torts to the *Lake* litigants and then revert to the state of the law prior to *Lake* for other litigants is contrary to principles of equality and stare decisis.

█ We conclude the privacy rights recognized by the supreme court in *Lake* must be available to any litigant, regardless of whether the conduct occurred before *Lake* was decided. Therefore, although we do not address the validity or underlying merits of appellants' invasion of privacy claim, we reverse the district court's denial of appellants' motion for reinstatement of count III of their complaint because the district court erred in concluding the *Lake* holding should not be given retroactive effect.

## DECISION

Although the district court erred in determining that only employers may be held liable under Minn.Stat. § 176.82, summary judgment in favor of respondents is appropriate on this claim because appellants failed to present evidence that respondents impeded or frustrated Summers' receipt of workers' compensation benefits. The district court properly determined there is no private civil cause of action claiming harassment available under Minn.Stat. § 609.749. The district court erred in determining the privacy rights recognized in *Lake v. Wal–Mart Stores, Inc.,* do not apply retroactively.

**Affirmed in part and reversed in part.**

SHORT, Judge (concurring in part, dissenting in part).

I concur in the decision that appellants' claim under Minn.Stat. § 176.82 (1998) fails and that Minn.Stat. § 609.749 (1998) does not create a private cause of action for harassment claims. I respectfully dissent as to appellants' claim under *Lake v. Wal–Mart Stores, Inc.,* 582 N.W.2d 231 (Minn.1998).

The *Chevron Oil* test dictates that the *Lake* decision be applied nonretroactively. *See Hoff v. Kempton,* 317 N.W.2d 361, 363 (Minn.1982) (adopting three-part test announced in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971)). Until July 1998, Minnesota refused to recognize, either by legislature or court action, a cause of action for invasion of privacy. As the affidavits suggest, citizens, attorneys, and businesses relied on the state's rejection of such claims. Retroactive application would penalize licensed private investigators who have performed their legally authorized duties, including surveillance. Thus, for reasons of judicial restraint, respect for the principle of stare decisis, and avoidance of unjust and arbitrary adjudications, the holding in *Lake* should be interpreted prospectively. I would affirm the district court's decision.