*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1615**

Sergey Porada,
Appellant,

Yelena Kurdyumova,
Appellant,

vs.

Terry I. Monroe,
Defendant,

Marc L. Kruger,
Respondent.

**Filed July 28, 2014
Affirmed
Smith, Judge**

Hennepin County District Court
File No. 27-CV-12-19004

Sergey Porada, Minneapolis, Minnesota (pro se appellant)

Yelena Kurdyumova, Minneapolis, Minnesota (pro se appellant)

Bradley R. Armstrong, Gurstel Chargo P.A., Golden Valley, Minnesota (for respondent)

Considered and decided by Hudson, Presiding Judge; Bjorkman, Judge; and Smith, Judge.

UNPUBLISHED OPINION

**SMITH**, Judge

We affirm the district court's dismissal of appellants' claims because they fail to state any legally sufficient bases for the requested relief.

**FACTS**

In their complaints, appellants Sergey Porada and Yelena Kurdyumova asserted the following facts:[1] In 2009, Porada and Kurdyumova purchased a condominium in Brooklyn Park. The condominium was part of the Strawberry Commons Condominium association, and Porada and Kurdyumova immediately began paying dues to the association at a rate of $270 per month. Respondent Terry Monroe, acting as president of the board of directors for the association, informed Porada and Kurdyumova that they were required to pay an additional $24 per month beginning in 2009, $69 per month beginning in 2011, and $79 per month beginning in 2012. From 2009 to 2012, Porada and Kurdyumova usually submitted monthly payments of only $270, resulting in an accumulated balance of $1221.43 on their association account.

Acting on the advice of respondent-attorney Marc Kruger, the association authorized Monroe to file a lien against Porada and Kurdyumova's condominium.

---

[1] Despite repeated requests from the district court that Porada and Kurdyumova provide substantiation of many of their claims, the record remains devoid of documentation supporting most of the facts alleged in their complaints. We nonetheless assume that the facts alleged in the complaints are true for purposes of this appeal. *See Sipe v. STS Mfg., Inc.*, 834 N.W.2d 683, 686 (Minn. 2013) (stating that an appellate court assumes that the facts alleged in the complaint are true when it reviews a district court's grant of a motion to dismiss for failure to state a claim upon which relief could be granted).

Monroe notified Porada and Kurdyumova that a lien of $1,221.43 would be filed. The lien was recorded on May 2, 2012.

Monroe empowered Kruger to pursue foreclosure on April 26, 2012. Porada and Kurdyumova's condominium was sold at a sheriff's sale in July 2012.

In September 2012, Porada and Kurdyumova sued Monroe and Kruger in the district court, alleging violations of Minn. Stat. §§ 515B.3-102(a)(2), (11) (2010) (powers of unit owners' associations); 515B.3-115(a), (c) (2010) (association assessments for common expenses); 515B.3-116(g), (h)(3) (2010) (lien for assessments); 515A.3-115(a), (g) (2010) (lien for assessments); 581.03 (2010) (court judgment required in foreclosure by action); 609.645 (2010) (fraudulent statements relating to securities); 609.64 (2010) (recording of forged instrument); 609.749, subds. 2, 3.1 (2010) (stalking); 609.903, subd. 1 (2010) (racketeering); 609.902, subds. 3, 4 (2010) (definitions relating to racketeering); 609.52, subd. 2(3)(i), (4), (5)(iii) (2010) (theft); and 609.765 (2010) (criminal defamation). They also alleged violations of the federal Fair Debt Collection Practices Act, the 14th Amendment to the United States Constitution, and the Minnesota Rules of Professional Conduct.

In October 2012, Kruger moved to dismiss the complaints for failure to state a claim upon which relief could be granted. The district court granted the motions in February 2013. Porada and Kurdyumova appealed, and this court dismissed the appeal without prejudice because their claims against Monroe were still outstanding. *Porada v. Monroe*, No. A13-0409 (Minn. App. Mar. 27, 2013) (order op.).

Monroe moved to consolidate and dismiss the complaints in April 2013. The district court granted his motions on June 26, 2013.

**D E C I S I O N**

We review a district court's dismissal of a complaint for failure to state a claim de novo, considering and accepting as true all facts alleged in the complaint. *Sipe*, 834 N.W.2d at 686. "[T]he question before this court is whether the complaint sets forth a legally sufficient claim for relief." *Hebert v. City of Fifty Lakes*, 744 N.W.2d 226, 229 (Minn. 2008).

Porada and Kurdyumova's claims fall into five categories: (1) violations of civil statutes; (2) violations of criminal statutes; (3) violations of "lawyers ethics" and the Minnesota Rules of Professional Conduct; (4) violations of the federal Fair Debt Collection Practices Act; and (5) a violation of the 14th Amendment to the United States Constitution. On appeal, they add allegations that the district court violated the Code of Judicial Conduct by acting out of bias based on their national origin. We address each of these categories in turn.

### A. Civil Statutes

"A statute does not give rise to a civil cause of action unless the language of the statute is explicit or it can be determined by clear implication." *Becker v. Mayo Foundation*, 737 N.W.2d 200, 207 (Minn. 2007). A cause of action based on the violation of a statute exists when an "underlying common law cause of action" also exists. *Bruegger v. Faribault Cnty. Sheriff's Dep't*, 497 N.W.2d 260, 262 (Minn. 1993).

We review the interpretation of statutes de novo. *Swenson v. Nickaboine*, 793 N.W.2d 738, 741 (Minn. 2011).

None of the civil statutes cited by Porada and Kurdyumova explicitly or implicitly provides for civil causes of action. Article 3 of chapter 515B, which encompasses all but two of the statutory provisions that Porada and Kurdyumova cite, governs the operation of unit owners' associations established to administer condominium communities. *See* Minn. Stat. § 515B.3-101 (2010) (describing the scope of chapter 515B). Nothing in the article states that parties aggrieved by purported defects in the operation of unit owners' associations can sue for damages or, in particular, that they may sue individuals rather than the association. Similarly, no private cause of action is authorized by article 3 of chapter 515A, governing management of condominiums, on which Porada and Kurdyumova base a claim.

Porada and Kurdyumova's claims based on Minn. Stat. § 581.03 suffers from the same defect. Chapter 581, which governs the foreclosure-by-action process, contains no provision explicitly or implicitly authorizing a private right of action. It also does not apply to the association's foreclosure on Porada and Kurdyumova's condominium because it was a foreclosure by advertisement. *Compare* Minn. Stat. § 581.03 (requiring entry of judgment before sheriff's sale in foreclosure by action), *with* Minn. Stat. § 580.02 (2010) (specifying prerequisites for a foreclosure by advertisement that do not include entry of court judgment). Rather than authorizing suit for damages as a remedy for improper foreclosure by advertisement, chapter 580 authorizes a suit to invalidate the sheriff's sale. *See* Minn. Stat. § 580.20 (2010). Porada and Kurdyumova's complaints

did not seek to invalidate the sheriff's sale, so their suit is not authorized by either chapter 581 or chapter 580.

Porada and Kurdyumova assert that no Minnesota law exists specifically barring a private cause of action and that the purported "English Law" principle that "everything which is not forbidden is allowed" authorizes their causes of action. Porada and Kurdyumova did not present this argument to the district court, and it is therefore waived. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). Porada and Kurdyumova's implicit argument that their causes of action exist in common law is also waived because they cite no authority supporting either the existence or scope of the common-law principle they claim or its applicability to Minnesota law. *See Schoepke v. Alexander Smith & Sons Carpet Co.*, 290 Minn. 518, 519-20, 187 N.W.2d 133, 135 (1971) ("An assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection."). Therefore, the district court did not err by concluding that none of the civil statutes cited by Porada and Kurdyumova authorizes a private right of action for damages.

### B. Criminal Statutes

"A criminal statute does not give rise to a civil cause of action unless the statute expressly or by clear implication so provides." *Summers v. R&D Agency, Inc.*, 593 N.W.2d 241, 245 (Minn. App. 1999). None of the statutes cited by Porada and Kurdyumova explicitly authorizes private rights of action. The district court did not err by dismissing the claims grounded in criminal statutes.

6

## C.      Rules of Professional Conduct and "Lawyer's Ethics"

Commentary accompanying the Minnesota Rules of Professional Conduct notes that "[t]hey are not designed to be a basis for civil liability." Minn. R. Prof. Conduct preamble cmt. 20. "The import of [this] comment . . . is that an attorney's violation of the Rules of Professional Conduct does not give rise to a private cause of action against an attorney." *In re Disciplinary Action Against Montez*, 812 N.W.2d 58, 66-67 (Minn. 2012). To the degree that Porada and Kurdyumova base their causes of action on purported violations of the Rules of Professional Conduct, the district court did not err by determining that those rules do not authorize a private causes of action.

To the degree that Porada and Kurdyumova base their cause of action on allegations of attorney malpractice, they also do not allege a legally sufficient claim for relief. The existence of an attorney-client relationship is essential to any malpractice claim against an attorney. *TJD Dissolution Corp. v. Savoie Supply Co.*, 460 N.W.2d 59, 62 (Minn. App. 1990). A party alleging malpractice may claim that an attorney-client relationship existed based on either a contract for representation or on the party's reliance on the attorney's legal advice "in circumstances in which a reasonable person would rely on such advice." *Id.* (quotation omitted). Porada and Kurdyumova allege neither type of attorney-client relationship. To the contrary, their complaints indicate they understood that attorney Kruger represented the association; that their relationship with Kruger was hostile; and that they never sought, received, or relied upon legal advice from him. Accordingly, Porada and Kurdyumova did not state a legally sufficient claim for relief based on attorney malpractice.

### D. Fair Debt Collections Practices Act Violations

The district court cited *Gray v. Four Oak Court Ass'n, Inc.*, 580 F. Supp. 2d 883, 886 (D. Minn. 2008), to support the conclusion that "a lien foreclosure[] does not constitute the 'collection of any debt'" as defined by the Fair Debt Collections Practices Act (FDCPA). *Gray* does support that conclusion, but it was a federal district court opinion lacking precedential value. *See Camreta v. Greene*, ___ U.S. ___, ___ n.7, 131 S. Ct. 2020, 2033 n.7 (2011) (stating that decisions of federal district courts are not binding precedent). To the extent that the district court's reliance upon *Gray* constitutes its independent interpretation of a federal statute, we review its determination de novo. *See, e.g.*, *Citizens for a Balanced City v. Plymouth Congregational Church*, 672 N.W.2d 13, 19 (Minn. App. 2003).

Although *Gray* cites two other federal district court opinions holding that lien foreclosures are not debt collections activities under the FDCPA, at least three federal circuit courts have concluded the opposite, reasoning that lien foreclosure is debt collection because its purpose is to recover an amount owed on an underlying debt. *See, e.g.*, *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013); *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376 (4th Cir. 2006); *Piper v. Portnoff Law Assocs.*, 396 F.3d 227, 234 (3d Cir. 2005). Thus, because the weight of persuasive authority lies heavily in favor of the conclusion that a lien foreclosure constitutes a debt collection under the FDCPA, the district court's determination that lien foreclosures are not debt collections under the FDCPA was erroneous.

8

We nevertheless affirm the district court's dismissal of Porada and Kurdyumova's FDCPA claims because they do not seek relief in any form authorized by the statute. The FDCPA allows parties aggrieved by unfair debt collection tactics to sue in district court for damages. 15 U.S.C. § 1692k(a) (2006); *see also* 15 U.S.C. § 1692k(d) (2006) (allowing exercise of jurisdiction by state courts). Although Porada and Kurdyumova demanded damages for their other claims, they demanded only Kruger's disbarment as redress for their FDCPA claims. Such relief is not authorized by the FDCPA and is not within the powers of the district court. *See In re Proposed Petition to Recall Hatch*, 628 N.W.2d 125, 128 (Minn. 2001) (holding that the supreme court has the "exclusive authority to discipline attorneys"). Accordingly, we hold that, because they requested disbarment instead of damages for their FDCPA claims, Porada and Kurdyumova failed to state a claim upon which the relief they requested could be granted, and dismissal was proper notwithstanding the district court's erroneous interpretation of the FDCPA. *See, e.g.*, *Alexander v. Minn. Vikings Football Club LLC*, 649 N.W.2d 464, 467-68 (Minn. App. 2002) (affirming dismissal for failure to state a claim upon which relief could be granted where relief requested was beyond the authority of the district court), *review denied* (Minn. Oct. 29, 2002).

### E.    14th Amendment

Porada and Kurdyumova do not address their 14th Amendment claims on appeal. The claims are therefore waived, and we decline to address them further. *See Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982) (holding that issues not briefed on appeal are waived).

9

### F.      Code of Judicial Conduct

Porada and Kurdyumova assert that the district court committed numerous violations of the Code of Judicial Conduct, specifically alleging bias based on their national origin and denial of their constitutional right to a jury trial. As evidence of bias, they point to the district court's instructions that Porada speak through an interpreter, its rejection of his request that a different interpreter be appointed, and its adverse substantive rulings.

Claims of judicial bias are outside the scope of appellate review unless first raised in the district court. *Braith v. Fischer*, 632 N.W.2d 716, 725 (Minn. App. 2001), *review denied* (Minn. Oct. 24, 2001). Minn. R. Civ. P. 63.03 provides for motions to remove allegedly biased judges. Porada and Kurdyumova did not file a motion to remove the district court judge. We therefore decline to address the issue.

**Affirmed.**