*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1465**

Scott Andren,
Appellant,

vs.

James Woodhull, et al.,
Respondents.

**Filed April 25, 2016
Reversed
Kirk, Judge**

St. Louis County District Court
File No. 69DU-CV-14-2535

Sean M. Quinn, Falsani, Balmer, Peterson, Quinn & Beyer, Duluth, Minnesota (for appellant)

William D. Paul, William Paul Law Office, Duluth, Minnesota (for respondents)

Considered and decided by Stauber, Presiding Judge; Hooten, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KIRK**, Judge

Appellant challenges the district court's grant of summary judgment to respondents, asserting that it is not necessary to prove obstruction of his workers' compensation benefits to pursue retaliatory-discharge and refusal-to-offer-suitable-employment claims under

Minn. Stat. § 176.82, subds. 1, 2 (2014). Because the district court misapplied the law in dismissing appellant's claims, we reverse.

## FACTS

Appellant Scott Andren was employed as a full-time mechanic by respondent Northwoods Trucking, Inc., which is owned and operated by respondent James Woodhull. On May 31, 2013, while at work, Andren cut a finger on his left hand while changing a brake chamber on a truck's axle. After receiving medical treatment, Andren informed Woodhull that he needed surgery to repair the injury to his finger and that he was restricted in the use of his left hand. A few days later, Andren completed a first-report-of-injury form for workers' compensation benefits and underwent surgery.

During a deposition, Woodhull recounted his conversation with Andren upon learning about Andren's need for surgery. Woodhull described telling Andren, "Being all the accidents and stuff you've had, maybe it's time you look for different employment." Andren asked Woodhull, "Are you firing me?" Woodhull replied, "No, I didn't say that. I said, 'You hurt your foot. You got stuff in your eyes. You cut your finger now. You may be kind of accident-prone, but maybe you ought to look for different employment.'" After undergoing surgery, Andren did not return to work or have any further communication with Woodhull.

In March 2014, Andren sued respondents, alleging retaliatory discharge, obstruction-of-compensation benefits, and refusal to offer suitable employment, in violation of Minn. Stat. § 176.82, subds. 1, 2.

2

On the eve of trial, respondents moved to dismiss the case on the ground that Andren was no longer asserting obstruction of his compensation benefits. At a hearing on the morning of trial, Andren stipulated to the fact that he had received all of his compensation benefits. Upon learning this fact, the district court dismissed Andren's case, concluding that all of his claims were barred because he could not prove any obstruction-of-compensation benefits. In its written memorandum, the district court stated:

> The plain language of Minnesota Statute[s] Section 176.82 and subsequent [caselaw] interpreting it clearly require there to have been some actual obstruction of benefits in order to maintain any claim under the statute, whether brought under subdivision 1 or subdivision 2.

The district court granted summary judgment in favor of respondents.

Andren appeals.

## DECISION

On appeal from summary judgment, this court reviews whether there are any genuine issues of material fact and if the district court erred in its application of the law. *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76 (Minn. 2002). "We view the evidence in the light most favorable to the party against whom summary judgment was granted" and "review de novo whether a genuine issue of material fact exists." *Id.* at 76-77. We also review issues of statutory interpretation de novo. *Christianson v. Henke*, 831 N.W.2d 532, 535 (Minn. 2013).

Andren argues that the district court erred in concluding that he must prove that he was obstructed from receiving his workers' compensation benefits in order to pursue his claims under Minn. Stat. § 176.82, subds. 1, 2.

3

*A.      Retaliatory discharge under Minn. Stat. § 176.82, subd. 1.*

Minn. Stat. § 176.82, subd. 1, prohibits three forms of conduct: discharging an employee for seeking workers' compensation benefits; threatening to discharge an employee for seeking benefits; and intentionally obstructing an employee seeking benefits. *Schmitz v. U.S. Steel Corp.*, 831 N.W.2d 656, 665 (Minn. App. 2013), *aff'd*, 852 N.W.2d 669 (Minn. 2014).  Minn. Stat. § 176.82, subd. 1, states:

> Any person discharging or threatening to discharge an employee for seeking workers' compensation benefits or in any manner intentionally obstructing an employee seeking workers' compensation benefits is liable in a civil action for damages incurred by the employee including any diminution in workers' compensation benefits caused by a violation of this section including costs and reasonable attorney fees, and for punitive damages not to exceed three times the amount of any compensation benefit to which the employee is entitled. Damages awarded under this section shall not be offset by any workers' compensation benefits to which the employee is entitled.

The plain language of the statute does not require that an employee demonstrate obstruction-of-compensation benefits to pursue a retaliatory-discharge claim.

A review of caselaw involving retaliatory-discharge claims arising under Minn. Stat. § 176.82, subd. 1, affirms this conclusion.  In *McDaniel v. United Hardware Distrib. Co.*, the Minnesota Supreme Court held that there was a six-year limitations period for recovering damages under Minn. Stat. § 176.82, subd. 1, and that the employee could recover punitive damages if he proved actual damages.  469 N.W.2d 84, 87-88 (Minn. 1991).  Notably, the plaintiff-employee alleging retaliatory discharge in *McDaniel* applied

for and received workers' compensation benefits, but never alleged that his employer delayed or obstructed his benefits claim. *Id.* at 84-85.

In *Jensen v. Hercules, Inc.*, employees successfully sued their employers for retaliatory discharge under Minn. Stat. § 176.82, subd. 1, while receiving workers' compensation benefits. 524 N.W.2d 748, 749, 751 (Minn. App. 1994), *review denied* (Minn. Apr. 28, 1995). In *Jensen*, we affirmed the district court's holding that the employees had been terminated because they had filed workers' compensation claims. *Id.* at 751. Again, there is nothing in the decision indicating that the employees demonstrated any obstruction of their compensation benefits in order to pursue their retaliatory-discharge claim. *Id.* at 748-52.

In denying Andren's claims in the instant case, the district court relied on several cases, including *Bergeson v. U.S. Fidelity and Guar. Co.*, *Flaherty v. Lindsay*, and *Summers v. R & D Agency, Inc.*, which involved instances where an employee alleged obstruction-of-compensation benefits. *Bergeson*, 414 N.W.2d 724, 725-28 (Minn. 1987); *Flaherty*, 467 N.W.2d 30, 30-33 (Minn. 1991); *Summers*, 593 N.W.2d 241, 243-44 (Minn. App. 1999). But none of these cases involved a retaliatory-discharge claim. *Bergeson* involved an employee who sued his employer's insurer for intentionally obstructing his receipt of workers' compensation benefits after he was seriously injured on the job. 414 N.W.2d at 725-28. Likewise, *Summers* involved an employee alleging that a firm hired by his employer's insurer to investigate his compensation claim obstructed his receipt of benefits. 593 N.W.2d at 243-44.

5

The district court primarily relied on *Flaherty* in support of its decision to dismiss Andren's claims. *Flaherty*, which was decided in 1991, involved a police officer suing for compensation benefits after he received a work-related injury. 467 N.W.2d at 30. The *Flaherty* court recognized that "some actual denial or disruption in the receipt of benefits must occur to warrant recovery" under Minn. Stat. § 176.82. *Id.* at 32. But the police officer in *Flaherty* never brought a retaliatory-discharge claim, and it is clear from the opinion that the *Flaherty* court was clarifying the elements for proving an obstruction-of-benefits claim. *Id.* This becomes even more apparent in light of the fact that neither *McDaniel* nor *Jensen*, which involved retaliatory-discharge claims, mention *Flaherty* on this issue. Hence, the district court misconstrued the holding of *Flaherty* to apply to retaliatory-discharge claims brought under section 176.82, subdivision 1.

The correct law to apply in a retaliatory-discharge claim is the *McDonnell Douglas* burden-shifting framework, which does not require proof of obstruction-of-compensation benefits. *Schmitz*, 831 N.W.2d at 671; *see also Dietrich v. Canadian Pac. Ltd.*, 536 N.W.2d 319, 323-24 (Minn. 1995) (outlining elements of retaliatory-discharge claim under the *McDonnell Douglas* burden-shifting framework).

Respondents argue that, even if Andren's retaliatory-discharge claim does not require proof of obstruction-of-compensation benefits, he cannot prove by a preponderance of the evidence that his employment termination was impermissibly motivated under the *McDonnell Douglas* test. But, on appeal, this court examines only the basis for the district court's dismissal of Andren's case, which rested solely on statutory interpretation of Minn. Stat. § 176.82, subd. 1, and caselaw. The district court did not review the factual record.

6

Generally, "[i]t is not within the province of [appellate courts] to determine issues of fact on appeal." *Kucera v. Kucera*, 275 Minn. 252, 254, 146 N.W.2d 181, 183 (1966). Further, to defeat a motion for summary judgment, Andren must only point to admissible evidence that creates a genuine issue of material fact as to the elements of his claim. *See* Minn. R. Civ. P. 56.03. Therefore, we will not independently examine the factual record to determine whether Andren's retaliatory-discharge claim would survive summary judgment.

Contrary to the district court's analysis, allowing a retaliatory-discharge claim without a showing of obstruction of benefits does not expand the scope of the Workers' Compensation Act on public policy grounds. Retaliatory discharge is a civil action "separate and independent from any penalties that might be awarded under the Workers' Compensation Act." *Bergeson*, 414 N.W.2d at 726 (citing *Kaluza v. Home Ins. Co.*, 403 N.W.2d 230 (Minn. 1987)).

B.      *Refusal to offer continued employment under Minn. Stat. § 176.82, subd. 2.*

Under the plain language of Minn. Stat. § 176.82, subd. 2, Andren's refusal-to-offer-continued-employment claim does not require a showing of obstruction-of-compensation benefits. Minn. Stat. § 176.82, subd. 2, states that "[a]n employer who, without reasonable cause, refuses to offer continued employment to its employee when employment is available within the employee's physical limitations shall be liable in a civil action for one year's wages." *Id.*

The Minnesota legislature added subdivision 2 in 1995. *See* 1995 Minn. Laws ch. 231, art. 1, § 30, at 1996-97. Hence, the district court erred in relying on cases prior to

7

1995, such as *Flaherty* and *Bergeson*, in dismissing Andren's refusal-to-offer-continued-employment claim because Minn. Stat. § 176.82, subd. 2, did not exist at the time.  There is no caselaw supporting the district court's assertion that Andren must demonstrate obstruction-of-compensation benefits to pursue this claim.

**Reversed**.